## Joseph H. Hedmark, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 20,607.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Henry C. Beitler, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915.

### Statement of the Case.

Action by Joseph H. Hedmark, plaintiff, against Chicago Railways Company, a corporation, defendant, for damages alleged to have been sustained by defendant's negligence.

On motion of defendant at close of plaintiff's evidence, the court instructed the jury to return a verdict for defendant and entered judgment thereon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

To reverse the judgment plaintiff prosecutes this writ of error.

The evidence showed that plaintiff was driving an automobile owned by him east on Monroe street in the city of Chicago, the automobile being entirely closed, front and sides. It had a mohair top and side curtains of cloth and isinglass, and, according to plaintiff's testimony, three-fourths at least of the side curtains was of isinglass, and it was possible to see through it.

Monroe street runs east and west and Fortieth avenue runs north and south. The accident occurred at the intersection of these streets. On the northwest corner of the streets was a vacant lot, which had a fifty foot frontage on Monroe street and it extended back sixty feet on Fortieth avenue. North of this vacant lot and sixty feet from the Monroe street building line there was a building. On the southwest corner there was a building which was back thirty-five or thirty-six feet from the curbstone on Monroe street, and the width of the sidewalk nine or ten feet from the curbstone on Fortieth avenue.

Plaintiff testified that when he was a block west of Fortieth avenue he was going about fourteen miles an hour and slackened up a little, and that when he got somewhere in the neighborhood, perhaps a little west of the vacant lot, he looked north to see if there was a car coming and did not see any; that then he let his machine coast along and looked towards the south to see if a car was coming from that direction, and as he "straightened up, the street car was right on to me,—nearly." He testified that when he first saw the car he was not on the car track, but was very close to it and the car was between eight to ten feet from him; that he then reached for his reverse lever, but before he could reach it the street car hit the left side of the front end of the automobile, throwing it southwest. The plaintiff further stated that when he

was five feet from the street car track he was going probably eight or ten miles an hour, and that going at that speed he could have stopped his automobile within three or four feet in an emergency. There were three other witnesses to the accident besides the plaintiff. There was no controversy in the evidence offered on behalf of the plaintiff.

It was urged in behalf of the plaintiff as a ground of reversal that the question of contributory negligence was one of fact and should have been submitted to the jury.

One of plaintiff's witnesses, Sullivan, who was a pedestrian crossing Monroe street at Fortieth avenue at the time of the accident, first saw the automobile when it was about fifty feet west of Fortieth avenue. The machine was then slowed down, and, after running ten feet or a little further, it was started up again, being at that time about thirty-five or forty feet from the point of collision. He testified ''as he started up, I 'hollered' at him, but do not know whether he heard me or not. I saw that he could not make it across the street before he was hit by the street car which I saw coming from the north.'' He further testified that when he saw the car it was about seventy-five or eighty feet from the point of collision. When he was asked as to the speed of the car, he said: ''Well, just as I designated to you before, I had not the rate of the street car nor automobile. I could not tell you what rate they were going, but I should judge, —well, it was going at pretty fair speed, as I said before.''

Another witness, who was with Sullivan at the time, testified that he heard Sullivan ''holler,'' and he looked up and saw an automobile approaching from the west and a street car coming from the north, ''both of them going at a pretty fair rate of speed,—in just about twenty seconds the street car struck the automobile.''

He further stated that the automobile was about

thirty-five or forty feet west of the point of collision, and the car about seventy-five to eighty feet north of it when he first saw them. On cross-examination the witnesses said that the street car was in front of the vacant lot when the automobile was thirty or forty feet west of the place of collision.

A third witness, an electrician, was climbing a pole at the southeast corner of Monroe street and Fortieth avenue, testified, "when Sullivan 'hollered' look out, I stopped and looked, and I saw the automobile * * * and car and could see what he 'hollered' for then, and I waited for the collision." This witness agrees with the other witnesses that when he first saw the automobile it was thirty-five or forty feet west of Fortieth avenue, and the car was about eighty feet north of the place of the accident.

Plaintiff testified that "When I got somewhere in the neighborhood of that vacant lot, I looked up to see if there was a car coming, and did not see any;" and, later on in his testimony he said: "When I looked north first I might have been a little west of the vacant lot. I might have been ten feet west of the line."

BROWN, EWEN & PRUITT, for plaintiff in error.

EDWARD C. STEARNS and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 83*—*what are rights of car and vehicle at street intersection.* While street cars and other vehicles have equal rights at street intersections, a vehicle is not equally en-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

titled to cross at the same moment the car is crossing without regard to the speed at which the car is running.

2. NEGLIGENCE, § 198*—*when contributory negligence a matter of law.* Where the facts are admitted and all reasonable minds will agree that the injury was the result of plaintiff's negligence, the court may, as a matter of law, find there was such contributory negligence on plaintiff's part as to defeat a recovery and give the jury a peremptory instruction to that effect.

3. STREET RAILROADS, § 97*—*when driver of automobile guilty of contributory negligence as matter of law.* One who attempts to drive an automobile at a street intersection across a car track in front of a rapidly approaching street car, his view of. which was not obstructed, is guilty of negligence as a matter of law.

4. STREET RAILROADS, § 73*—*when failure to give signal at street crossing does not overcome contributory negligence.* In an action· against a street car 'company .to recover for damages caused by the collision of an automobile and a street car at a street crossing, even if the defendant car company did not give the ordinary signals, if plaintiff, by exercising ordinary care, could have avoided the collision and failed to do so, he was guilty of contributory negligence preventing a recovery.

5. STREET RAILROADS, § 64*—*what insufficient exercise of care in crossing track at·street intersection.* In an action against a street railroad company to recover for damage caused by a collision with plaintiff's automobile at a street intersection, a lookout .by plaintiff at a point where he could not have seen for more than sixty feet is not sufficient to establish his exercise of care, but the question of his care depends upon his precaution when he was at such a distance from the track that he could control his automobile and avoid the danger of the approaching car.

6. STREET RAILROADS, § 131*—*when evidence shows contributory negligence in action for damage by collision at street intersection.* Evidence in action against a street car company for damage caused by collision at street intersection, examined and *held* to show plaintiff guilty ·of such contributory negligence as to bar recovery.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.