3. DAMAGES, § 188*—*when evidence insufficient to show that impairment of vision was due to accident.* In an action for personal injuries alleged to have been received through the starting of defendant's car as plaintiff was alighting, evidence *held* insufficient to show that the impairment of vision complained of was due to the accident.

4. APPEAL AND ERROR, § 1474*—*when admission of conjecture and speculation of expert witness is reversible error.* In an action for personal injuries, the admission of conjecture and speculation of a medical witness as to what might produce or cause the condition found by him in plaintiff, is reversible error.

5. EVIDENCE, § 410*—*what opinion of medical witness may not be given.* In an action for personal injuries, it is error to permit a medical witness to testify that plaintiff would eventually become blind, though how long thereafter he could not state, as such an opinion is merely speculative.

6. EVIDENCE, § 368*—*when witness may not testify as to subjective conditions.* In an action for personal injuries it is error to permit a witness to testify as to subjective conditions of plaintiff.

---

## J. Bortuska, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,957. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed May 28, 1917.

### Statement of the Case.

Action by J. Bortuska, plaintiff, against the Chicago Railways Company, defendant, to recover for personal injuries. From a verdict and judgment for plaintiff for $4,300, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Doran v. Chicago Railways Co., 205 Ill. App. 575.

Frank L. Kriete, for appellant; W. W. Gurley, J. R. Guilliams and Charles L. Mahony, of counsel.

Haight, Brown, Haight & Harris, for appellee.

Mr. Presiding Justice McSurely delivered the opinion of the court.

## Abstract of the Decision.

Street railroads, § 98*—*when person driving behind street car and upon parallel track is guilty of contributory negligence.* One who drives behind a street car at a street intersection upon a parallel track and is struck by a car approaching from the opposite direction on such parallel track is guilty of contributory negligence, where the evidence shows that he saw the car approaching and was also warned by other persons and by signals.

Catherine Doran, Appellee, v. Chicago Railways Company (Impleaded with Ashland Auto Garage), Appellant.

Gen. No. 22,961.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. William Fenimore Cooper, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed May 28, 1917.

## Statement of the Case.

Action by Catherine Doran, plaintiff, against the Chicago Railways Company and Ashland Auto Garage, a corporation, defendants, to recover for personal injuries. From a verdict and judgment for plaintiff for $3,000, defendant Chicago Railways Company appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.