**Walter P. Specht, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.**

### Gen. No. 29,141.

1. STREET RAILWAYS—*when contributory negligence of truckman in colliding with street car shown as matter of law.* Where plaintiff and his driver, from their position on the seat of plaintiff's truck, looked west as they came to a cross-street at a point where they could see along the cross-street about 200 feet and did not look in that direction again until within 6 or 8 feet of defendant's street railway track when they were unable to stop the heavy truck in time to avoid a collision with a street car traveling 25 to 35 miles an hour, the court properly directed a verdict for defendant on the ground of contributory negligence.

2. STREET RAILWAYS—*duty of care of owner sitting with truck driver as to street cars.* The owner of a truck who was riding on the seat with the driver was bound by the same degree of care in looking for a street car at a cross-street as his driver.

3. NEGLIGENCE—*presumption of freedom from negligence by others as excuse for want of care.* No man can assume that there will not be a violation of the law or negligence by others and offer the presumption as an excuse for failure to exercise care.

4. NEGLIGENCE—*"last clear chance" rule as law in Illinois.* The last clear chance doctrine is not the law in this state.

5. TRIAL—*prejudicial remarks of court in presence of jury immaterial where verdict directed for want of evidence.* In a negligence case a contention that the court made prejudicial remarks in the presence of the jury can have no material bearing in a case

Specht v. Chicago City Ry. Co., 233 Ill. App. 384.

where a verdict is directed for failure of plaintiff to produce any evidence that would sustain a judgment for recovery.

Error by plaintiff to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Affirmed. Opiinon filed June 27, 1924.

FASSETT, ABBOTT & HUGHES, for plaintiff in error; JOHN E. HUGHES, DALY & FREUND and ARTHUR V. BISHOP, of counsel.

BROWN, FOX & BLUMBERG, for defendant in error; JOHN R. GUILLIAMS, CHARLES LEROY BROWN, CHARLES L. MAHONY and FRANK L. KRIETE, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

The controlling question presented by this record is whether, in an action to recover damages resulting from a collision between plaintiff's truck and defendant's street car, the court properly directed a verdict at the close of plaintiff's case.

The material evidence for plaintiff was furnished by him and his driver who sat beside one another in the truck. The truck was going south on the west side of Wabash Avenue, Chicago, and the car east on 39th Street, the former at 8 to 10 miles an hour, the latter at 25 to 35 miles an hour. There was nothing to divert their attention or to prevent their seeing the car after the truck reached 39th Street. They looked to the west, whence the car was coming, first, on reaching a point 22 to 25 feet north of 39th Street where they could see to the west on the latter street about 200 feet, as the building on the northwest corner stood back from the building line on Wabash Avenue about 50 feet. They then saw no car, but did not look west again until within 6 or 8 feet of the eastbound track, too late to avoid the collision, as the heavy truck

loaded with a ton of merchandise could not be stopped inside of 10 feet.

The bare statement of these facts as disclosed by plaintiff's own evidence shows not only failure to sustain the burden of proof with respect to the exercise of ordinary care on the part of plaintiff or his driver, but affirmatively establishes contributory negligence on their part, conceding the evidence tends to show negligence in the operation of the car.

The plaintiff was bound by the same degree of care as his driver under the circumstances. (*Pienta v. Chicago City Ry. Co.,* 284 Ill. 246; *Opp v. Pryor,* 294 Ill. 538, 547.) And that it was negligence for them not to look after they entered the street intersection before getting to the point of danger has been too frequently decided to call for further analysis of the situation. (*Hedmark v. Chicago Rys. Co.,* 192 Ill. App. 584; *Hack v. Chicago & Interurban Traction Co.,* 201 Ill. App. 572; *Bortuska v. Chicago Rys. Co.,* 205 Ill. App. 574; *Griffith v. Chicago City Ry. Co.,* 222 Ill. App. 625; *Davis v. Chicago City Ry. Co.,* 215 Ill. App. 638.) It was admitted that, had either plaintiff or his driver looked west after reaching the north building line of 39th Street, they could see 400 feet to the west, and so would have seen the car approaching. Had they so looked, or in fact looked at any time after reaching the intersection and before reaching the point of danger, they could have averted the accident, whatever the speed of the car. They could not in that situation shut their eyes until it was too late to look, on the assumption that the car would not be operated negligently, or, that not seeing it when they could look only 200 feet away a car would not be coming, or if coming, not go so fast as to reach the point of crossing before the truck would clear it. "No one can assume that there will not be violations of the law or negligence of others and offer the presumption as an excuse of failure to exercise care." (*Schlauder v.*

*Chicago & Southern Traction Co.*, 253 Ill. 154, 159.)
If the street was of average width, as assumed in the
argument, the truck would have had to go 50 to 60 feet
from the point where they first looked west to reach
the track the car was on, and somewhat farther to
clear it. And if, as the testimony shows, the car was
going from three to four times faster than the truck
and may have come into the line of plaintiff's vision
immediately after plaintiff and his driver first looked
to the west, the car with only about 200 to 250 feet to
go would have reached the point of collision as soon as
the truck. The evidence discloses nothing whatever
to excuse either plaintiff or his driver in not looking
to the west again after reaching the north line of 39th
Street in time to avert a collision. The car was un-
questionably near at hand and in plain sight with
nothing to obstruct a view of it, and nothing to divert
their attention from its approach. No reasonable
minds can arrive at a different conclusion than that
plaintiff's undisputed evidence shows that he was not
free from contributory negligence in failing to look at
a time and place when he knew a car might be coming.
The contention that because it was the duty of plain-
tiff to look in both directions, and that because he
looked east as he reached the building line and "could
not look west at the same time without stopping,"
furnishes no valid excuse for proceeding to the center
of the street and to a known point of danger without
taking a second look in the opposite direction before
reaching it. Besides, every one knows that a momen-
tary glance to the west after looking to the east would
have disclosed the danger in ample time to have
avoided it, and could have been taken without stopping
the truck.

It is true that if defendant were guilty of wilful and
wanton negligence, contributory negligence would be
no bar to recovery. But not only is there no room in
the evidence for a verdict for wilful and wanton negli-

gence, but there was no such issue in the case, there being no allegation of wilful or wanton misconduct.

Plaintiff in error invokes the last clear chance doctrine. It was declared in *West Chicago St. R. Co. v. Liderman,* 187 Ill. 463, that the doctrine has never been the law in this State. As said in *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.,* 309 Ill. 346, 352:

"It is the settled rule of law of this State that one complaining of negligence merely where there is no wilful act or wilful and intentional neglect of duty causing an injury, cannot recover if he was guilty of negligence contributing to the injury complained of." Citing the *Liderman* case and others.

This rule was followed and reannounced in *Bushman v. Calumet & South Chicago Ry. Co.,* 214 Ill. App. 435, and an application for *certiorari* therein was denied by the Supreme Court.

The contention that the court made prejudicial remarks in the hearing of the jury can have no material bearing in a case where a verdict is directed for failure to produce any evidence that would sustain a judgment for recovery. Accordingly the judgment will be affirmed.

*Affirmed.*

Fitch, P. J., and Gridley, J., concur.