# CASES

DETERMINED IN THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1926.

---

## Harriet Jaroszewski, Appellee, v. Chicago Railways Company et al., Appellants.

### Gen. No. 30,493.

1. EVIDENCE—*relevancy to issue as to negligent character of act of proof of like acts by others.* Where one who had alighted from the rear platform of a street car thereafter passed through the space between the front of such car and the rear of another street car standing three or four feet ahead on the same track, and so stepped upon the track of cars moving in the opposite direction, it was irrelevant to the issue as to whether she was in the exercise of due care in so doing, that other passengers had preceded her through that opening.

2. NEGLIGENCE—*presumption against negligence of others as excusing want of ordinary care for own safety.* While one is not required to anticipate negligence on the part of others, the presumption that others will not be negligent will not excuse one from the consequences of a failure to exercise ordinary care in his own behalf.

3. STREET RAILWAYS—*when finding of freedom from contributory negligence against weight of evidence in action by departing passenger for injury due to crushing between backing and standing car on same track.* Where one who had alighted from the rear platform of a street car thereafter passed through the space between the front of such car and the rear of another street car standing three or four feet ahead on the same track, thereby going upon the track used by cars moving in the opposite direction, and

1

then retreated to her position between the cars to escape injury from a car approaching upon such other track, was then injured by the unexpected backing of the car ahead, a finding and judgment in her favor in an action against the street car company for such injury, necessarily including a finding that she was not guilty of contributory negligence, was against the weight of the evidence.

Appeal by defendants from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1925. Reversed and remanded. Opinion filed May 25, 1926.

BUSBY, WEBER, MILLER & DONOVAN, for appellants; JOHN R. GUILLIAMS, FRANK L. KRIETE and JOSEPH D. RYAN, of counsel.

CHARLES C. SPENCER and ARTHUR A. HOUSE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment against defendants awarding $8,000 to plaintiff as damages for personal injuries.

Before the accident in which the injuries were received plaintiff was a passenger on one of defendants' cars going southeast on its west track on Milwaukee Avenue, Chicago. The car stopped within three or four feet of another car heading in the same direction, which had stopped several feet north of the crosswalk of a north and south street intersecting at that point. Both cars were discharging and taking on passengers. Plaintiff left at the rear end of the car she was in, and coming to the open space between the two cars, passed through to cross the northwest bound track and Milwaukee Avenue. The witnesses did not agree as to whether others preceded her through the opening. But if others did, the fact is irrelevant to the issue whether she exercised ordinary care in placing herself in that situation. *Chicago, R. I. & P. Ry.*

*Co. v. Clark,* 108 Ill. 113, 118; *Mueller v. Phelps,* 252 Ill. 630; *Ormond v. Central Iowa R. Co.,* 58 Iowa 742, 13 N. E. 54; *Judd v. Fargo,* 107 Mass. 264.

After passing between the two cars she stepped back into the space between them to avoid a northwest bound car passing on the other or east track. As she did so the forward car backed to get off of a switch that would have taken the car from its line, and she was squeezed between the two cars and received the injuries complained of.

These undisputed facts, which are not mitigated by any other facts in evidence, present the question whether plaintiff exercised ordinary care for her own safety. It is unquestioned that she voluntarily and deliberately chose to cross the street, not on the crosswalk at the usual place for pedestrians, but several feet north of it at a point where she was confronted with two dangers, one of being struck by a car passing on the other track which she was about to cross, and one from a movement of either of the cars on the track she had just crossed that might bring them closer together. To avoid the former, of which she admitted she was aware, she stepped into the other, equally imminent in case of any such movement. Her counsel concede that if she had been injured by the passing car she would have been guilty of contributory negligence.

It is difficult to distinguish the two situations in principle. The most that can be said is that one danger was not as much to be expected as the other. Assuming it was the duty of the motorman under the evidence and circumstances to give the conductor a signal for backing in order that the latter might look out for danger in doing so—a question of fact we need not discuss if plaintiff was guilty of contributory negligence—her counsel argue that she did not have to anticipate the motorman's negligence in so backing without giving such signal. Counsel cite from

*Schlauder v. Chicago & Southern Traction Co.*, 253 Ill. 154, 159, this language: "There is a presumption of law that every person will perform the duty enjoined by law or imposed by contract, and anticipation of negligence in others is not a duty which the law imposes. (Citations.) While that statement has often been made and the presumption is to have due weight in determining questions of negligence, it is manifest that the presumption is not a conclusive one and that no one has a right to rely *solely* upon it in regulating his own conduct." The court, however, added: "No one can assume that there will not be violations of the law or negligence of others and offer the presumption as an excuse for failure to exercise care." While one is not required to anticipate negligence in others, yet that proposition is quite different from relying on the presumption that another will not be negligent as an excuse for failure to exercise ordinary care in his own behalf. The distinction made in the *Schlauder* case on that point is quite obvious.

The cars being in active operation could not be expected to stand there long or indefinitely without some movement, and though plaintiff might not have expected the forward car would back, yet in the practical operation of the car it might do so, as disclosed by the fact that it passed a switch that necessitated backing to put the car back on its line. Such a thing was not unlikely to happen. It does happen. Plaintiff would have had no right to presume that what sometimes happens will not happen, and, as said in the *Schlauder* case, cannot offer such presumption as an excuse for failure to exercise ordinary care for her own safety in such a situation. She not only placed herself between two cars that were in active operation, but she was off the usual line of travel for a pedestrian and where her right to cross the street was more limited than on the crosswalk at the street intersection. *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246.

No necessity impelled her to cross at that point. It was her deliberate choice for a shorter cut to the place she was going, and involved conditions of danger. One was a movement of one or both of the cars she passed between in the regular course of their operation, and another the passing of a car on the other track. She admitted that she was aware of the latter, and therefore must have contemplated the necessity, if confronted with that danger, of hastening forward or stepping backward, and if the latter, the difficulty of escaping danger from a movement of cars, which, being in active operation, might take place at any moment. She found, as she passed between the cars, that she was compelled to step back for safety. In doing so she was still in obvious danger unless the space was kept open. If she could not absolutely rely on its continuing so, when either or both cars might start at any moment, whether negligently or not, can she be said to have exercised ordinary care? Can it be said that a pedestrian is free from contributory negligence when at a busy street intersection, instead of taking the crosswalk thereat, he deliberately attempts to confront danger by crossing elsewhere and is injured in so doing? And if in avoiding the known danger he falls into one not foreseen, which he otherwise would not have incurred, can it be said that the deliberate choice to encounter the former is not a contributing cause to injury from the latter? It was said in *Illinois Cent. R. Co. v. Siler*, 229 Ill. 390, 394, and repeated in *Ford v. Hine Bros. Co.*, 237 Ill. 463, 467: "In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury, and the particular manner of its occurrence, could reasonably have been foreseen." Most any movement of the cars she passed between would have endangered her opportunity to retreat from the danger she deliberately confronted. If the want of due care contributes in any degree to injury it will defeat re-

covery. _Krieger v. Aurora, E. & C. R. Co._, 242 Ill. 544, 547; _Carson, Pirie, Scott & Co. v. Chicago Rys. Co._, 309 Ill. 346, 352; _Bushman v. Calumet & S. C. Ry. Co._, 214 Ill. App. 435, 439.

Counsel say they are not able to produce a case presenting a like state of facts where a pedestrian was squeezed between two passenger cars. But on principle we think one injured under the facts in evidence is chargeable with contributory negligence, and the writer thinks it is not distinguishable in principle from _Roberts v. Chicago City Ry. Co._, 262 Ill. 228, where the injured party attempted to cross from the west to the east side of a street somewhat north of the crosswalk and jumped back to avoid a northbound car and was struck by a southbound car and killed. The court there said that the vital question in the case was ''whether a reasonably prudent person would have attempted crossing between the approaching cars,'' and not whether ''the jumping back'' was the important question. And here we are constrained to believe that the real question is whether plaintiff was in the exercise of ordinary care for her own safety when she voluntarily and without any necessity for so doing attempted to cross the street a considerable distance from the cross walk by going in between two crowded, active cars, standing, as the evidence shows, on an operating track during the rush hour with full knowledge that just beyond the narrow space between the cars was another track on which cars moved in the opposite direction. If that was negligence, whether it be of fact or of law, we think the resulting injury followed in an unbroken sequence therefrom. The majority of the court think these were questions of fact as to which the preponderance of the evidence was against the finding and judgment and that, therefore, on reversal the cause should be remanded.

_Reversed and remanded._

Gridley and Fitch, JJ., concur.