Nora Stoutz, Appellee, v. Walter Nicoson, Appellant.

Gen. No. 8,689.

Opinion filed January 16, 1933. Rehearing denied April 5, 1933.

F. T. CARSON, for appellant; J. M. MITCHEM, of counsel.

BUSCH & HARRINGTON, for appellee; EARL C. HARRINGTON and C. E. TATE, of counsel.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Nora Stoutz, appellee, recovered a judgment in the sum of $700 in an action on the case against appellant, Walter Nicoson, in the circuit court of Champaign county for personal injuries received as a result of an automobile collision at the intersection of Walnut street and Columbia avenue in the City of Champaign. Walnut street runs north and south and is intersected at right angles by Columbia avenue running east and west. The accident happened between 9 and 9:30 o'clock on the evening of June 1, 1931. The original declaration consisted of one count in which it is charged that the collision occurred on account of the general negligence of appellant. In the first additional count it is averred that the place of accident was a closely built up residence portion of the City of Champaign and that appellant drove his car at an excessive rate of speed, of, to wit, 35 miles per hour. In the second additional count the same allegations are averred as in the preceding count with the addition that appellant was driving on the left side of the street.

The evidence is very close and conflicting and, aside from that of the doctor who attended appellee after she was injured and the garage man who made the repairs upon the automobile in which she was riding, consisted solely of the testimony of the occupants of the two cars. Appellee, Nora Stoutz, together with her husband, Herman Stoutz, and Neva Elliott were riding in an automobile owned and driven by one Jonas Fry. The appellant, Walter Nicoson, was driving his own car and accompanying him therein were William McClinchey, John Dolan and Cleve Shrout.

The car driven by appellant approached the crossing from the right while the car in which appellee was riding approached it from the left. The evidence introduced by appellee tended to show that Fry, who was driving the automobile in which appellee was riding, when he was about 60 feet from the intersection, saw a car approaching from the south 250 feet south of the crossing, and that when he entered the intersection the other car was 75 to 100 feet away from his and he continued to drive until he was hit; that at the time of the impact his car was just leaving the intersection of the two streets and was proceeding at about 15 miles per hour. Fry further testified that when appellant's car was 70 or 75 feet from the intersection it was traveling between 35 and 40 miles per hour. Each of the other witnesses for appellee testified substantially to the same facts.

Appellant testified that when he was 75 feet from the intersection his car was not running over 18 or 20 miles per hour and the Fry car was 150 feet from the intersection going 35 miles per hour; that when the defendant was in the east side of the intersection with the bumper over the manhole in the center thereof, he stopped his car but that Fry came on without stopping, tried to swing around his car but hit the left front fender of appellant's car. The other occupants of appellant's car also testified substantially to the same facts.

During the cross-examination of appellee the following occurred:

Q. Mrs. Stoutz, where were you going that night? Plaintiff objects, not cross-examination.

A. Going to the ice plant.

MR. HARRINGTON: Just a moment, Mrs. Stoutz.

BY THE COURT: Well, I will let you show as to whether she was going to go straight or turn at that street.

A. We was going east, to the ice plant.

Q. What ice plant? Plaintiff objects.

By THE COURT: Objection sustained. The question is, whether you were going straight ahead on that street or intending to turn either direction. Defendant excepts.

A. He was going straight.

MR. CARSON: Your objection to that is because it is not cross examination:

MR. HARRINGTON: Well, go ahead, it doesn't make any difference.

MR. CARSON: I will make her my own witness for that purpose, now.

By THE COURT: All right, Mr. Carson makes her his own witness.

Q. What ice plant were you going to?

A. Sure Pure.

Q. And for what purpose? Defendant objects, it wouldn't be competent.

By THE COURT (Out of hearing of the jury): Just a minute, Mr. Carson, what do you expect to show by the answer?

MR. CARSON: We expect to show this fellow was taking her over there to get ice for the Stoutz family.

MR. HARRINGTON: I don't see that that would make any difference.

By THE COURT: On the proposition whether it was a common enterprise?

MR. CARSON: Yes, sir.

By THE COURT: So that this man was her agent—

MR. HARRINGTON: I don't think it is admissible, even for that purpose.

By THE COURT: I will permit them to show that.

Q. The question, I believe, was for what purpose were you going there? Plaintiff objects. Objection overruled.

A. Going for ice.

Q. For whom? Plaintiff objects. Objection overruled.

A. Myself.

Q. That is all.

Subsequently on motion of counsel for appellee the court struck out of the record the above evidence and instructed the jury to disregard it.

If a person riding in an automobile is a guest passenger and exercises due care for his own safety, then the negligence of the driver of the car in which he is riding cannot be imputed to him, while, on the contrary, if the driver is acting as his agent or servant, then he is bound by his negligence. When a suit is brought to recover for injuries under such circumstances the relationship between the driver of the car and the person who was injured while riding therein becomes of primary and vital importance. Appellant had a right to prove that Fry was the agent of appellee and that in driving the car he was doing so at her request and for her benefit, and if such agency was proven, then the negligence of Fry, if any, would be imputed to her and she would have no right of recovery. By excluding this evidence and under the instructions of the court, the jury were precluded from passing upon the question of agency. The evidence for appellant tended to show that he was not negligent in driving his car and that he had the right of way over this intersection. In our opinion it was error to exclude the aforesaid evidence, and, on another trial, appellant should be permitted to prove the relationship of agency, if he can, between Fry and appellee, and the jury should be properly instructed in regard to that element.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*