Cyrena Lela Thomas, Administratrix of the Estate of Hiram Raymond Thomas, Deceased, Appellee, v. Ernest D. Buchanan, Appellant.

Gen. No. 36,695.

Opinion filed November 6, 1933.   Rehearing denied November 20, 1933.

McKenna, Harris & Schneider, for appellant; James J. McKenna and Abraham W. Brussell, of counsel.

Erich E. Pacyna and Oscar M. Meusel, for appellee; Erich E. Pacyna, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

On the night of November 30, 1931, Hiram Thomas, while riding in an automobile owned and driven by Earl Anderson, was injured through a collision at a street intersection with an automobile owned and driven by the defendant; Mr. Thomas died from the injuries received and his administratrix brought suit under the Injuries Act, Cahill's St. ch. 70, and upon a trial before a jury had a verdict for $4,125; defendant appeals from the judgment on the verdict.

The accident happened in Niles Center, Cook county, at the intersection of Crawford avenue, which runs north, and Church street, which runs east. The automobile in which Mr. Thomas was riding was going east

on Church street; the automobile driven by defendant was going north on Crawford avenue; the two automobiles collided at the intersection of the two streets. At about 200 feet from the intersection on each of the streets is a sign marked "Caution—Dangerous Intersection." In Crawford avenue, about 30 feet south of the intersection was a rubber sign in the middle of the street about six inches high and 20 inches long, with a black background, with the word "Stop" in orange letters. There was an octagonal shaped sign with the words "Stop, State Road" near the southeast corner of the intersection; this octagonal sign is about two by three feet, on a seven-foot post; there were no lights at the intersection, the nearest light being on the east side of Crawford, 200 feet south of Church street; it was a clear, dark night and the street pavements were dry. Thomas was sitting in the front seat on the right-hand side of Anderson, the driver; he was thrown from the automobile to the street pavement by the collision, and died the next day.

Defendant testified that he was driving north on Crawford at a speed of 30 or 35 miles an hour; that there were present with him in the car a Mr. O'Brien and a Mr. Mammerow; defendant says that he had never driven along Crawford avenue before; that he saw neither of the stop signs at Church street and did not slacken speed as he reached the intersection but kept right on; that there were no lights along Crawford; that it was just open country; defendant says he did not know that there was any crossroad at that place; that Mr. O'Brien sitting beside him had just called his attention to the other automobile coming east on Church street about three or four feet away, and then the crash occurred. Mr. O'Brien testified much to the same effect; that the lights on defendant's car were lit and the witness did not observe any stop sign. Mr. Mammerow, being ill, did not testify.

Whether or not defendant's conduct was negligent was a question of fact to be decided by the jury.

Defendant argues that Thomas át the time of the accident was not riding as a guest in Anderson's automobile, but that Anderson was driving as the agent of Thomas, and hence the general rule that a guest in an automobile cannot be held for the negligence of the driver is not applicable. Thomas was employed by an electric washing machine company in repairing and selling washing machines for his employer; most of his duties were outside of his employer's shop; on this evening Thomas, with a coemployee, Clarence Conrad, delivered a washing machine at Anderson's house and Thomas remained there to demonstrate it. Anderson testified that he and Thomas had a couple of glasses of home brew beer at his home; that Thomas wished to drive west, the other side of Crawford to sell a washing machine to a certain lady, and that as a favor to Thomas, Anderson took his automobile and drove Thomas to the place west of Crawford and on finding that the lady Thomas wished to see was not at home, they returned by way of Church street, when the accident happened at Crawford avenue. We do not see how the conclusion can be escaped that in the journey Anderson was acting as the agent and servant of Mr. Thomas. Anderson had no interest in the proposed sale of the washing machine which was the occasion of the trip west of Crawford. The trip·was solely for the benefit of Thomas. In *Stoutz v. Nicoson,* 270 Ill. App. 28, the court considered the relation between the owner and driver of an automobile and the plaintiff, Mrs. Stoutz, who was riding with him. It appeared that the trip in which she was injured was for the purpose of obtaining some ice from an ice plant for the sole benefit of the plaintiff. The trial court excluded this evidence but the reviewing court held that the defendant had a right to prove that the

driver was the agent of the plaintiff, as he was driving the car at her request and for her benefit, and, if proven, the negligence of the driver, if any, would be imputed to the plaintiff and she would have no right of recovery. In *Hepps v. Bessemer & L. E. R. Co.*, 284 Pa. 479, the plaintiff was a butcher, and having orders to deliver goods to customers living some distance from his place of business, requested an acquaintance who owned an automobile to drive him to the delivery points; the owner of the automobile did so, when the accident happened. It was held that the driver of the car was plaintiff's agent or servant, citing *Schofield v. Director General of Railroads*, 276 Pa. 508. Clearly, when an owner of an automobile drives with another, solely upon the business of this other, he is the agent and servant of the other and the negligence of the driver, if any, will be imputed to the other.

Was Anderson guilty of negligence which contributed to the accident? On leaving their destination west of Crawford avenue, Anderson drove east on Church street at the rate of 30 to 35 miles an hour; Thomas was sitting on his right; both were looking forward, watching the road; Anderson was familiar with Church street and knew there were no street lights at Crawford; when they were 100 to 150 feet away from the intersection Anderson saw defendant's car approaching the intersection from the south on Crawford avenue when it was about 200 feet away from the intersection; Anderson says he saw the lights of defendant's car and watched it from the time it was 200 feet down the street on Crawford until he, Anderson, came within five feet of it; that he kept his eyes constantly on defendant's car during all of this time; he says that as he approached the intersection he slowed his car down to about 20 or 25 miles an hour, but that defendant kept on nearing the intersection at the rate of 35 miles an hour without slackening speed; Anderson's brakes were in good condition

and at a speed of 20 or 25 miles an hour he could stop his car in about five feet; although he saw defendant's car was not slackening speed, he kept right on until he was within five feet of defendant's car, when he turned his wheels but was struck by the other car. Such conduct on the part of Anderson was clearly contributory negligence.

Plaintiff argues that Church street was a State road and that travelers on intersecting roads were bound to stop and yield the right of way to travelers on Church street. It is not definitely proven that Church street -was a "State Road." The sign bearing these words was erected by the Chicago Motor Club, by what authority does not appear. Yet if it were a "through" street and Anderson had the right of way at the intersection, it does not follow that he might continue onward wholly regardless of any other automobiles approaching the intersection. A driver must always look and listen for the approach of other vehicles at such points, and must have his car under such control as to avoid accidents which might have been foreseen in the exercise of ordinary care. Anderson saw the other car approaching the intersection without slackening its speed of 35 miles an hour, and in the exercise of ordinary care he must have known that unless he himself took steps to avoid a collision an accident was inevitable. A driver of an automobile cannot rely upon his technical right of way to relieve himself of the duty at all times of exercising ordinary care to avoid an accident. The public safety must always dominate every such situation. To this effect is *Schlauder v. Chicago & Southern Traction Co.*, 253 Ill. 154, where the court said: "No one can assume that there will not be violations of the law or negligence of others and offer the presumption as an excuse of failure to exercise care." See also *Goodman v. Chicago & E. I. Ry. Co.*, 248 Ill. App. 128; *Jaroszewski v. Chicago Rys. Co.*, 241 Ill. App. 1; *Specht v. Chicago City*

*Ry. Co.*, 233 Ill. App. 384. In *Thrapp v. Meyers*, 114 Neb. 689, it is said one may have the right of way over traffic approaching an intersection, ''but is not thereby relieved from the duty of exercising ordinary care to avoid accidents; therefore, if a situation is presented which, to an ordinarily prudent person in the position of the driver, would probably result in a collision if he exercised his technical right of way, it would be his duty to subordinate such right to the public safety.'' In *Alperdt v. Paige*, 292 Pa. 1, where the plaintiff contended that he had superior rights at a street intersection, the court said: ''This fact did not relieve him from his duty to use reasonable care under the circumstances to avoid a collision, and if it appears there was a failure to exercise common prudence, the consequences must be visited upon him, though the defendant was also negligent. . . . It was his duty to avoid a collision, if possible, when he saw the danger, though the driver of the other vehicle was acting carelessly, and, if his conduct contributed to the accident, he cannot recover.'' In Berry on Automobiles, 6th ed., vol. 1, pp. 886, 887, it is said: ''The 'right of way' does not mean that the driver having such right may heedlessly cross the intersecting highway without giving any attention to vehicles moving thereon. It does not give him the exclusive control of the entire area of the intersection.'' In *Hooper v. Corliss*, 146 Wash. 50, it was held that ''the right of way given by the city ordinance is a relative right only, and does not justify one who is entitled to the right of way in asserting his rights when, by the exercise of due care, he can or should see that to do so is likely to cause an accident and injury to himself or another, and that one so insisting upon the exercise of his right of way under circumstances which would cause a reasonably prudent person not to do so, is guilty of negligence or contributory negligence, as the case may be.'' We hold

that the correct rule of law is as above stated. In proceeding to drive his automobile onward toward the other automobile while all the time seeing it in ample time to avoid a collision, but without taking any steps to do so until it was too late, Anderson was guilty of contributory negligence as a matter of law.

As we have held that Anderson was on this occasion the agent and servant of Mr. Thomas, Anderson's contributory negligence must be imputed to him, and therefore his administratrix cannot recover.

At the conclusion of the evidence defendant moved the court to direct the jury to find the defendant not guilty. This motion was denied. As we have indicated, the motion should have been allowed; as a matter of law there could be no recovery, and the judgment will therefore be reversed without remanding the cause.

*Reversed without remanding.*

MATCHETT, P. J., and O'CONNOR, J., concur.