Cyrena Lela Thomas, Administratrix of the Estate of
Hiram Raymond Thomas, Deceased, Appellee, v.
Ernest D. Buchanan, Appellant.

Gen. No. 36,695.

394

Opinion filed November 19, 1934.   Rehearing denied December 3, 1934.

McKenna, Harris & Schneider, for appellant.

Erich E. Pacyna and Oscar M. Meusel, for appellee; Erich E. Pacyna, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

At the intersection of the two streets, an automobile owned and driven by Earl Anderson, in which Hiram Thomas was also riding, while going east on Church street in Niles Center, Cook county, was struck by an automobile belonging to defendant which was north-bound on Crawford avenue.  Thomas was killed in the collision; the administratrix brought suit and upon trial had verdict and judgment for $4,125; defendant appealed to this court.

The facts are stated in our opinion, reported in 272 Ill. App. 308. We there held that upon the undisputed facts, as a matter of law, Anderson was the agent of Thomas at the time of the accident; that Anderson was guilty of contributory negligence, which negligence must be imputed to his principal, Thomas; we reversed the judgment without remanding the cause.

The case was taken by the Supreme Court on certiorari, which reversed the judgment of the Appellate Court and remanded the cause to this court with directions. *Thomas, Adm'x v. Buchanan,* 357 Ill. 270. That opinion held that the case was not tried upon the theory that Anderson was the agent of Thomas; that if there was an issue upon this question it should have been submitted to the jury. It was also held that whether or not Anderson negligently contributed to the accident was a question for the jury.

Following this opinion we would not be justified in saying that the jury could not properly find upon these questions adversely to the contention of the defendant.

Considering the other assignments of error, the first of these is a complaint of the action of the trial court in admitting testimony of the witness Udell that on the night of the next day after the accident he drove northward on Crawford avenue through the intersection with Church street and that he saw a "Stop; state road sign" on the right-hand side of the road and a flexible sign in the middle of the two driving lanes when about 100 feet south of the intersection. Defendant argues that this was experimental evidence and incompetent. The rule is that such evidence is competent where the circumstances under which the experiment took place are very similar to those obtaining at the time of the accident. *Hauser v. People,* 210 Ill. 253; *People v. Pfanschmidt,* 262 Ill. 411; 12

Am. & Eng. Ency. of Law (2d ed.) 408. The surrounding circumstances under which the witness drove ·northward and observed the stop signs would indicate that they were substantially similar to those existing at the time of the accident. Moreover, the evidence of the defendant's negligence was so convincing that the evidence of Udell would not affect the verdict one way or the other. In fact, in the brief filed on behalf of the defendant there is virtually no argument presented exonerating the defendant from the charge of negligence.

We find no prejudicial error with reference to the instructions. Instruction No. 3 given at the request of plaintiff is not vulnerable to the criticism made, namely, that the words "at the time and place in question" are not sufficiently definite. The jury could not have been misled by them.

Instruction No. 7 on plaintiff's behalf correctly stated the law that one riding as a passenger in an automobile cannot be held accountable for the negligence of the driver unless the passenger himself has been guilty of negligence contributing to the accident. *Eckels v. Muttschall*, 230 Ill. 462.

Defendant's refused instruction No. 1 might have been given but its refusal was not prejudicial. It told the jury that sympathy for the relatives of the deceased should have no influence with the jury in determining whether the defendant was liable. The element of sympathy was covered in defendant's given instructions Nos. 1 and 10.

Defendant's refused instruction No. 2 was the stock instruction that if the jury believed from the evidence that any witness had testified falsely the jury might disregard this testimony, except as it may have been corroborated. It might well have been given, but in view of the record in the case we will not hold that it was prejudicial error to refuse to give this instruction.

Following the opinion of the Supreme Court in this case, we have considered all the points made by the defendant and find no errors which would require a reversal; the judgment is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.