Patricia Corder, Plaintiff-Appellant, v. Gilbert Smothers, Defendant-Appellee.

Gen. No. 67–12.

Fifth District.

August 28, 1967.

Harris, Holbrook & Lambert, of Marion, for appellant.

J. C. Mitchell, and W. A. Armstrong, of Marion, for appellee.

EBERSPACHER, J.

This is an appeal from a judgment for the defendant in an action for personal injuries and property damages due to the alleged negligence of the defendant, Gilbert Smothers, in the operation of his automobile which collided with the automobile of the plaintiff, Patricia Corder.

At approximately one p. m. on September 27, 1964, plaintiff had turned off DeYoung Street onto North State Street, a north-south residential street in the city of Marion, and was proceeding north on that street at a speed of 20 miles per hour, across its intersection with Illinois Avenue, intending to turn right into the driveway of the home of a friend who resided on the east side of North State, north of its intersection with Illinois Avenue. The defendant had also entered North State Street at DeYoung Street, and followed the plaintiff at a distance of 25 to 30 feet, at approximately the same speed. It was raining and the pavement was slippery; both cars were traveling in the right-hand lane of the two-lane street, and there were no other cars immediately ahead. At a point less than 100 feet north of Illinois Avenue, defendant slid into the rear of plaintiff's car, as plaintiff had started to make her turn, and had applied her brakes.

Plaintiff testified that she activated her right turn signal as she crossed the Illinois Avenue intersection, but stated on cross-examination that she activated the turn signal at approximately the same time as she applied the brakes, at a point about half the distance between the Illinois Avenue intersection and the driveway; the measured distance from the north side of Illinois Avenue to the south side of the driveway was 85 feet. She further testified that after the impact her car traveled approximately 25 feet and came to rest with the front end about even with the driveway. There was independent testimony that the point of impact was 18 to 27 feet south of the driveway. Plaintiff's husband testified that

239

when he got into plaintiff's car to move it, after the collision, the turn indicator was on.

The defendant testified that he saw no turn signal, and that plaintiff's brake lights illuminated just as plaintiff got to the driveway, when he was 25 to 30 feet behind plaintiff's car, driving 20 to 25 miles per hour, that he applied his brakes as soon as plaintiff's brake lights came on and that his car left skid marks 10 to 15 feet long on the wet pavement.

Both parties testified that their views were unobstructed from the time they turned onto North State Street, for a distance of more than 700 feet. However, the plaintiff testified that as she passed the Illinois Avenue intersection before the driveway, she looked into her rearview mirror and saw no vehicles behind her. Upon collision, the front of the defendant's car struck the right rear bumper of the plaintiff's car. There was minimal damage to the plaintiff's automobile, however, as a result of the impact, the plaintiff's chest struck the steering wheel of her car. Upon these facts, some of them contradicted, the jury rendered a verdict for the defendant. The trial court entered judgment on the verdict, from which this appeal is taken.

The plaintiff alleges that the court erred in denying her post-trial motion for a judgment notwithstanding the verdict and her alternative post-trial motion for a new trial on the grounds that the verdict of the jury was contrary to the manifest weight of the evidence and that the court erred in instructing the jury.

Considering the alleged erroneous instruction first, the plaintiff argues that the court erred in giving defendant's Instruction No. 5, (IPI 60.01), which provided:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

"No person shall turn a vehicle from a direct course upon a highway unless and until such move-

ment can be made with reasonable safety and then only . . . after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

"A signal of intention to turn right . . . shall be given during not less than the last 100 feet traveled by the vehicle immediately to the rear when there is opportunity to give such signal.

"Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device. . .

"If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

The plaintiff argues that the first two paragraphs of the cited statute are inapplicable to the facts of the case. She further argues that by giving the instruction the court permitted the jury to find that if the plaintiff failed to give a right turn signal during the last 100 feet before turning that she could be held to be guilty of contributory negligence. It is suggested by the plaintiff that the statute does not impose a duty on a driver to give a right turn signal during the last 100 feet when the driver is turning into a private driveway from the right lane of a two-lane highway if the vehicle does not cross into the opposite lane and if the opposite lane is free of traffic, since no other vehicle would be affected by such movement.

To bolster her argument, the plaintiff reasons that the statute imposes a duty on a driver to give a right turn signal during the last 100 feet only, in the words of the statute, "in the event any other vehicle may be affected by such movement." (Ill Rev Stats 1965, c 95½, § 162.)

241

Her argument continues that section 162(c) providing for the method of signaling a stop or decrease in speed does not contain the 100-feet requirement. Accordingly, she continues, since her decrease in speed rather than her turning was the movement which affected the defendant, there was no duty on her part to indicate her turn for the last 100 feet.

The plaintiff's argument is more hypothetical than factual. The question of whether a lesser duty is imposed on a driver intending to decrease speed or stop than one intending to turn is a question we need not answer. The plaintiff herself testified that her intention was to turn, that this was her intention while traveling the last two city blocks, a distance of more than 700 feet, that she indicated this intention by her turn signal during approximately the last 45 feet, or not at all as claimed by the defendant.

█ Where an instruction is given in the language of a statute and it is pertinent to the issues presented to the jury, it should be regarded as sufficient, Becherer v. Best, 74 Ill App2d 175, 219 NE2d 371 (1966). There is no question but that the instruction is in the language of the statute. It is equally obvious that the instruction is pertinent to the issues.

█ It is clear that the statute under consideration relates to the duty of the driver to signal his intention when altering his movement. The legislative purpose is obviously to afford both approaching and following drivers the opportunity to adjust their movement to that of the signalling driver; it makes no distinction between a right turn and a left turn, but requires the same action on the part of the turning motorist for both a right and left turn. The General Assembly has not seen fit to place an exception in the statute requiring turn signals, when a stop or reduction of speed signal is given, when there is an opportunity to give the turn signal. There is no evidence that plaintiff was deprived of the oppor-

242

tunity to give the turn signal within the required 100 feet. As a result our interpretation of the statute, to make such exception, would not be warranted.

■■■ Section 62(a) provides that "No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety . . . ." This indicates a duty upon the part of the motorist who intends to turn from a public highway to first make a proper lookout to the rear to ascertain if motor vehicles are behind which may be involved in the event a turn is made. Here plaintiff looked but did not see, when according to the evidence she should have seen. In Piper v. Lamb, 27 Ill App2d 99, 169 NE2d 164, the court agreed with the contention that a motorist does not fulfil his duty under the law by merely indicating a signal for a left turn, but had the further duty of not making the turn until it was reasonably safe to do so. The same rule is applicable with reference to a right turn; and as the court stated at page 113 (page 170 NE2d) of that opinion, "However, the actions of the driver, . . . slowing down, braking, and signalling for a turn, all present the question whether it was reasonably safe to turn, and this question is one for a jury. Tabor v. Tazwell Service Co., 18 Ill App 2d 593, 153 NE2d 98."

Accordingly, plaintiff had a duty to both give that statutory signal indicating her turn, and to determine whether it was reasonably safe to do so, and the jury was properly given the instruction.

■■ ■■ The plaintiff next argues that the jury's verdict was against the manifest weight of the evidence and that the court erred in denying her motion for a new trial for this reason. In this case there is ample evidence to support the jury's verdict. The plaintiff testified that she indicated her intention to turn by her turn signal prior to commencing her turn. The defendant's evidence was that there was no turn signal. Even

assuming that there was a turn signal, it is uncontradicted that the turn signal was not given over the required distance as prescribed by our statute. The jury was clearly presented with a question of fact; i. e., whether the plaintiff's acts or omissions contributed to the cause of the collision. The jury's verdict indicates that they thought they did. To be against the "manifest weight of the evidence" requires that an opposite conclusion be clearly evident. Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717 (1957). The opposite conclusion is not clearly evident in this case. The trial court correctly denied the plaintiff's motion for a new trial.

■■ The plaintiff finally argues that the court erred in denying her motion for a judgment notwithstanding the verdict. A post-trial motion insofar as it seeks a judgment notwithstanding the verdict presents a single question. That question is whether there is in the record any evidence which, standing alone and taken with all intendments most favorable to the party resisting the motion, tends to prove the material elements of his case. Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847 (1951) ; Romines v. Illinois Motor Freight, Inc., 21 Ill App2d 380, 158 NE2d 97 (1959).¹ As outlined above,

---

¹ Our Supreme Court has recently pointed out its dissatisfaction with the rule heretofore used in determining when questions of negligence and contributory negligence become questions of law, i. e. only when all reasonable men would agree that due care had or had not been exercised. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504. There, they point out that there is at least a surface incongruity in a trial judge saying all reasonable men agree that the proof established the presence or absence of due care where 12 jurors have just reached a contrary conclusion, and that it is even more incongruous for reviewing courts to so state when the trial judge and jury reached the opposite result, or when the trial and reviewing courts disagree, or the members of a reviewing court disagree among themselves. In that case they pronounce the rule that judgments notwithstanding the verdict should be entered

the evidence was contradictory to say the least as to the question of fact of whether the plaintiff contributed to the cause of the collision. This court will not substitute its judgment for that of the jury. The trial court correctly refused to substitute its judgment.

For the foregoing reasons, the judgment is affirmed.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.

---

"only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand," and that the same rule should be applied in the direction of verdicts.