THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SCOTT M. HUBER, Defendant-Appellant.

Third District No. 76-485

Opinion filed May 31, 1977.—Rehearing denied June 29, 1977.

Gordon J. Huber, of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (Daniel J. Rozak, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Scott M. Huber, was convicted of the traffic offense of improper overtaking on the left in violation of section 11—705 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—705), following a bench trial in the Circuit Court of Will County. He was fined $20 and assessed court costs of $15. On appeal from that conviction defendant raises as the only issue: Whether he was proved guilty beyond a reasonable doubt of improper overtaking on the left in violation of the Illinois Vehicle Code, section 11—705.

The facts which caused the traffic citation to be issued to defendant were preserved for appeal purposes in a certified report of proceedings. From that report it was established that defendant Huber was involved in a traffic mishap on U.S. Highway 30 at a point midway between Caton Farms Road and Kellog Street on May 17, 1976. At that point U.S. Highway 30 is a two-lane straight stretch of road with a posted speed limit of 45 m.p.h. and a distance between the two intersections of a little more than one-third mile. There were no obstructions to vision and no "no passing" signs. The weather on the day of the accident was clear and dry with good visibility and good road conditions. Defendant Huber was proceeding in a northwesterly direction following two vehicles proceeding in that same direction toward Kellog Street at a speed of approximately 35-40 m.p.h. The lead vehicle was a truck driven by the State's chief witness Mr. Waller. Waller testified that he had slowed down to 25-30 m.p.h. by applying his brakes intending to make a left turn into a private driveway at 2442 Plainfield Avenue and had signaled his intention with his left turn signal about 40 feet from the driveway. Defendant admitted that the vehicle immediately in front of him had slowed down just before he began to pass. The exact distance between the vehicles is not apparent from the record. Defendant signaled his passing movement

seeing no traffic from the opposite direction. As Mr. Waller attempted to complete his left turn the defendant, having accelerated to 42 m.p.h. to pass and being unable to stop or swerve to avoid the accident, crashed into the left front side of the Waller truck. It was admitted that Waller's left turn signal was in working order. The arresting officer testified that defendant first indicated that he saw Waller's turn signal but later stated that he did not. The second vehicle in line was not involved in the accident, did not stop, and was unidentified at the time of trial.

Defendant was convicted of violating section 11—705 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—705) which provides:

> "No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless authorized by the provisions of this Chapter and unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for vehicles approaching from the opposite direction, before coming within 200 feet of any vehicle approaching from the opposite direction."

Defendant's main argument is that Mr. Waller failed to operate his vehicle in a safe manner by not signaling his turn at least 100 feet before he turned and in turning where he could not complete the turn with reasonable safety as provided by section 11—804 of the Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—804). Defendant contends that in connection with his passing on the left the statute provides only that he cannot interfere with the *safe* operation of any vehicle overtaken. In support of his argument defendant relies on two cases. (*Corder v. Smothers* (5th Dist. 1967) 86 Ill. App. 2d 237, 229 N.E.2d 558, and *Skiba v. Ruby* (1st Dist. 1969), 113 Ill. App. 2d 170, 251 N.E.2d 771). Both cases are clearly distinguishable because they are civil cases involving damages for personal injuries arising out of an accident and are concerned with concepts of negligence and contributory negligence. Additionally *Corder* involved a right hand turn with the defendant following immediately behind and *Skiba* involved a multilane highway with a car being struck by another car that had just entered onto the highway. The instant case deals with a violation of the law and we are not concerned with traditional tort concepts of negligence and contributory negligence. Neither are we concerned with who was the proximate cause of the accident that occurred.

■■ Having reviewed the record before us we are persuaded that Mr. Waller was not operating his vehicle so unsafely as to cause defendant's action to not be a violation of the law. Defendant interfered with the operation of the Waller truck by his improper passing. The facts established that the cars ahead had slowed down considerably indicating something was about to happen. Slowing down even without a turn signal has been held to be sufficient warning for following vehicles in traditional tort cases, and we feel it was sufficient in this traffic case. (See *Tabor v. Tazewell* (3d Dist. 1958), 18 Ill. App. 2d 593, 153 N.E.2d 98.) Although the evidence is conflicting as to whether defendant saw the turn signal, we will not substitute our judgment for that of the trier of fact who heard the testimony and observed the witnesses (*People v. Akins* (1st Dist. 1976), 39 Ill. App. 3d 908; 351 N.E.2d 366). And the record supports the trial court's finding that defendant saw the turn signal.

■■ Although defendant was warned by the immediate slowdown, he, nevertheless, chose to attempt to pass two vehicles traveling in front of him and in so doing he interfered with the otherwise safe operation of another vehicle on the highway in violation of the Illinois Motor Vehicle Code. Huber did not have the right to rely upon the assumption that Waller would obey the law to the letter as an excuse for his own clear violation of a traffic law. (*Rhodes v. Moffet* (3d Dist. 1973), 13 Ill. App. 3d 849, 301 N.E.2d 126.) The defendant was proved guilty beyond a reasonable doubt of the traffic offense of improper overtaking on the left. Accordingly the judgment of conviction and sentence imposed by the Circuit Court of Will County is affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.