LAWRENCE A. BROWN, Plaintiff-Appellant, *v.* DECATUR MEMORIAL HOSPITAL, Defendant-Appellee.

Fourth District   No. 14032

Opinion filed September 12, 1977.—Rehearing denied September 28, 1977.

Jerome Mirza and Associates, Ltd., of Bloomington (Jerry N. Raymer, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Carl R. Miller, Nicholas J. Neiers, and William O. Martin, Jr., of counsel), for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the trial court which dismissed, with prejudice, counts III and IV of his complaint for personal injuries.

The counts allege that plaintiff was placed in defendant hospital while "helplessly under the influence of intoxicating liquors"; that he was placed in a bed and restrained by a strap; and that he procured access to matches and set his bed afire causing personal injuries. Plaintiff then undertook to allege negligence on the part of the hospital.

During oral argument counsel advised the court that plaintiff was abandoning the appeal of count III in which the plaintiff alleged that he was free from contributory negligence.

The issue remaining for review is whether the trial court erred in dismissing count IV of the complaint in which plaintiff alleged:

"That the plaintiff, being helplessly under the influence of alcohol,

was as a matter of law incapable of being charged with contributory negligence."

Plaintiff seeks to establish freedom from contributory negligence as a matter of law and thus alter and limit his burden of proof in a negligence action simply by his manner of pleading. He cites the opinion in *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468. In *Dezort*, plaintiff alleged that decedent was intoxicated and in a highly emotional state, threatening suicide, and subsequently while in the presence of police officers, attempting suicide. Each party moved for summary judgment. It appears that matter presented upon the hearing of the motions for summary judgment indicated the manner in which the police handled decedent and his subsequent suicide in the jail cell.

Plaintiff appealed from the order of the trial court denying her motion for summary judgment and granting defendant's motion for summary judgment. Plaintiff also appealed from the order of the trial court denying her motion *in limine* seeking to strike the issue of decedent's contributory negligence. The reviewing court concluded that in denying the motion *in limine* the trial court:

> "* * * necessarily must have considered that the plaintiff was required to 'prove that the decedent was in the exercise of reasonable care. It then apparently concluded that the decedent was guilty of contributory negligence as a matter of law." 35 Ill. App. 3d 703, 710, 342 N.E.2d 468-473.

■■ The opinion rejected the claim of defendant that voluntary intoxication is contributory negligence as a matter of law, and cited *French v. City of Springfield* (1972), 5 Ill. App. 3d 368, 283 N.E.2d 18, which holds that intoxication is simply a circumstance to be weighed by the jury in determining the issue of due care.

IPI Civil No. 12.01 provides:

> "Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider together with other facts and circumstances in evidence in determining whether or not he was [negligent] [contributorily negligent]. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

In *Dezort*, the court said:

> "[T]he decedent may be guilty of contributory negligence as a matter of law only *when the evidence of due care* is so insufficient that all reasonable minds in the exercise of fair and honest judgment would be compelled to reach the conclusion that there was a failure to exercise due care." (Emphasis supplied.) (35 Ill. App. 3d 703, 710, 342 N.E.2d 468, 474.)

It seems apparent that a comparable standard is applicable to a determination that as a matter of law a party is not guilty of contributory negligence so that it may be said that a party is free from contributory negligence as a matter of law only when the evidence of plaintiff's due care so overwhelmingly favors plaintiff that no contrary verdict based on that evidence could ever stand. Compare *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

■■ In *Dezort*, the court determined that the relevant inquiry was whether the party in his condition was incapable of exercising due care for his own safety and whether the persons charged with responsibility toward him knew or reasonably could have known of such incapability, but that such issue could not properly be disposed of by summary judgment since it raises a question of fact for the jury.

We, therefore, refuse to hold that upon the simple allegation that as he was "helplessly intoxicated" the plaintiff as a matter of law was free from contributory negligence.

Upon this conclusion it is unnecessary to consider plaintiff's arguments concerning the other issues briefed.

The judgment of the trial court is affirmed.

Affirmed.

GREEN, P. J., and LEWIS, J., concur.