Elmer Tabor, Plaintiff-Appellant, v. Tazewell Service Company, and Richard Hild, Defendants-Appellees.

Gen. No. 10,185.

Third District.

September 25, 1958.

Released for publication October 14, 1958.

595

Mathis, Sloan & Littler, all of Peoria, for appellant.

Davis, Morgan & Witherell, of Peoria, for appellees.

JUDGE CARROLL delivered the opinion of the court.

Plaintiff appeals from a judgment in favor of defendants entered by the Circuit Court of Tazewell County upon a jury verdict of not guilty.

The action was brought to recover for personal injuries sustained by plaintiff in an accident alleged to have been caused by the negligence of defendants in the operation of a truck.

Plaintiff contends the judgment should be reversed, because, as a matter of law, he was in the exercise of due care and defendants were guilty of negligence; that the verdict is against the manifest weight of the evidence; and that the Court erred in instructing the jury.

Facts which are not in dispute are that the accident in question occurred near Morton, Illinois, at about 11 o'clock A. M. on November 20, 1952 on U. S. Highway 150 opposite a driveway or entrance leading into a farm referred to in the record as the Chris Bear Farm. At that point the 2-lane highway with blacktop surface runs straight for a considerable distance.

Plaintiff had driven over it many times prior to the occurrence and knew of the Bear Farm driveway. As he drove East he overtook a truck owned and driven by defendant Richard Hild, who was employed by his co-defendant as a salesman and was then driving from farm to farm soliciting orders for farm supplies. The truck was of 2-ton capacity with a van type box and was painted white. Hild entered the highway from the Arch Knapp Farm about ½ mile West of the Bear driveway and proceeded East. Plaintiff saw the truck as it turned onto the highway and thought it was a milk truck picking up milk from the farms. The briefs indicate some dispute as to when plaintiff first saw the truck. However, plaintiff testified on cross-examination that he saw the truck three miles East of Morton when it turned into the road ahead of him. Driving at 50 miles per hour, he overtook and attempted to pass the truck. As he did so, the truck started to make a left turn into the Bear driveway and the two vehicles collided. Photographs in evidence show the front of plaintiff's car came into contact with the middle left side of the truck. Plaintiff's version of the accident is that as he attempted to pass the truck at a speed of about 50 miles per hour, he pulled his car over into the North or left traffic lane and when the front of his car was past the back end of the truck, the latter started to turn into the driveway; that he immediately put on his brakes and that he did not see any signals and that the front end of the car contacted the truck between its cab and body. Plaintiff's car made skid marks estimated by witnesses at from 66 to 100 feet in length. The only other occurrence witness was the defendant Hild who testified that after he came onto Highway 150 he was driving on the South side of the pavement at about 30 to 35 miles per hour; that he started to decrease his speed 200 to 250 feet from the Bear Farm; that when he was 75 feet from the Bear driveway he

looked into the mirror and did not see any vehicles; that there was nothing to obstruct his view of the rear; that he again looked for traffic from the rear when he was 25 feet West of the driveway; that he had then reduced his speed to 10 miles per hour which was done by using the brakes which actuated the stop light on the rear of the truck; that the truck was not equipped with any device to show a directional turn signal; that he signaled his intention to turn when 25 feet West of the driveway by extending all of his arm from the shoulder out beyond the edge of the cab of the truck; that his hand then extended 4″ beyond the outer edge of the truck box; that he started to make his turn when 20 feet West of the driveway and that the first he knew of the presence of plaintiff's car was when he heard the squealing of brakes.

The basis of plaintiff's contention that defendant Hild was guilty of negligence as a matter of law is asserted to be the failure of the latter to give a signal of his intention to turn 100 feet or more from the place where he attempted to turn. As to the element of plaintiff's due care, it is contended that in overtaking the truck, he had the right to assume that he could pass the same safely and that Hild would not turn left without giving the prescribed statutory signal.

 Our courts have repeatedly stated that negligence is primarily a question of fact to be considered and determined by the jury. It becomes a question of law only where the evidence bearing upon that issue is such that all reasonable men would agree in their deductions from it. If from the facts and circumstances shown by the evidence, it appears that reasonable men of fair understanding might not agree in their conclusions, then a jury question is presented. Leahy v. Morris, 289 Ill. App. 99; Partridge v. Enterprise Transfer Co., 307 Ill. App. 386. Likewise, the issue in a particular case as to whether the plaintiff's

injury resulted from his own negligence is ordinarily a fact question for the jury.

Plaintiff takes the position that in failing to signal his intention to turn not less than 100 feet from the driveway, Hild was negligent as a matter of law, regardless of other facts and circumstances shown by the evidence and that his conduct in such respect absolved plaintiff from any duty of exercising due care for his safety. It is the settled law in this state that a traffic law violation is not negligence per se. Burke v. Zwick, 299 Ill. App. 558; Smith v. Ohio Oil Co., 10 Ill.App.2d 67; Miller v. Burch, 254 Ill. App. 387.

It is also the law that a plaintiff may not rely upon the assumption that another person will obey the law as an excuse for failure to exercise due care. Thomas v. Buchanan, 272 Ill. App. 308; Schlauder v. Chicago & Southern Traction Co., 253 Ill. 154.

The burden of proving that he was in the exercise of due care at the time and place of the accident rested upon the plaintiff. As we previously pointed out, there was evidence before the jury that the truck while in plain view of plaintiff, reduced its speed from 35 miles per hour to 10 miles per hour; that the reduction in speed was accomplished by application of the brakes which caused the truck's stop light to flash; and that the driver signaled his intention to turn into the driveway by putting his arm out the cab window. These facts would reasonably seem to have indicated to plaintiff that the truck was going to stop or make a turn to the left into the Bear driveway. There was also evidence that plaintiff knew the location of the Bear Farm entrance; that he saw the truck come out of another farm; and that he thought the truck was picking up milk from the farms on the road. This is only a part of the evidence tending to show how the accident occurred but we deem it sufficient to demonstrate that there were factors for the jury's

599

consideration other than Hild's failure to comply with the statutory signal requirement. We think the facts and circumstances as shown by the evidence may well have warranted the jury in concluding that plaintiff, in attempting to pass the truck, was not exercising due care and that his failure to so do was the proximate cause of the accident.

The trial court did not err in denying the post trial motion for judgment notwithstanding the verdict.

 As to the contention that the verdict is against the manifest weight of the evidence, it seems sufficient to observe that a reviewing court is not permitted to substitute its judgment for that of the jury in passing upon the credibility of the witnesses and the weight of their testimony. Where evidence is in conflict, in order for a verdict to be contrary to the manifest weight of the evidence, an opposite conclusion must be clearly apparent. Stone v. Guthrie, 14 Ill.App.2d 137; Bunton v. Illinois Central Railroad Co., 15 Ill.App.2d 311; DeLegge v. Karlsen, 17 Ill.App.2d 69. Such is not the situation in the instant case.

 There remains for consideration the claimed error by the trial court in instructing the jury. Defendants argue that this question is not preserved for review because the instructions complained of and the ground for error is not particularly specified in the post trial motion as required by Sec. 68.1 of the Civil Practice Act [Ill. Rev. Stats. 1957, Ch. 110, § 68.1]. With reference to the instructions, the motion recites "that the court erred in giving defendants' instructions numbered 1, 2, 4, 6, 7, 8. 9, 10, 12, 14. 15. 17, 18, 20, 21, 22, 24 and 25." "The court erred in refusing to give plaintiff's instructions numbered 1, 4, 5 and 6." We think the above recitals were sufficient to preserve the alleged error in instructing the jury. The attention of the trial court was thereby directed to certain particular instructions which are referred to by their respective numbers. The obvious purpose be-

hind the enactment of Sec. 68.1 is to require the party seeking a new trial to indicate with sufficient particularity in his motion the grounds relied upon thus affording the trial court an opportunity to correct its error. While a post trial motion must specify the errors relied upon, it need not be a brief or argument. Rudolph v. City of Chicago, 2 Ill.App.2d 370; Pajak v. Mamsch, 338 Ill. App. 337.

 The record indicates that at the conference on instructions, plaintiff's counsel stated that he had no objections to defendants' instructions 1, 2, 3, 4, 5, 6, 7, 9 and 12 and that he made no objection to defendants' instructions 14 and 25. As a result of his failure to assert an objection to the above instructions, plaintiff is precluded from raising objections thereto on this appeal. Sec. 67, Chap. 110, Illinois Revised Statutes, 1955. Thomas v. Weber, 14 Ill.App.2d 562. The chief criticism leveled at the balance of the instructions is that the same are repetitious and tended to overemphasize certain elements favorable to the defense. We have examined these instructions carefully and in our opinion the same are not subject to the criticism made but that the jury were thereby correctly advised as to the law applicable to the facts and that plaintiff's rights were not thereby prejudiced. Plaintiff's instructions 1 and 5 which the court refused would have informed the jury that plaintiff had the right to assume that the defendant driver would not make a left turn in violation of the statute. Plaintiff could not relieve himself of his duty to exercise ordinary care to avoid a collision by relying upon the assumption that defendant would not violate the law. Thomas v. Buchanan, supra. The court did not err in refusing these two instructions. Plaintiff's refused instruction No. 4 in effect directed a verdict for plaintiff if the jury found that the defendants failed to have the truck equipped with signal devices. This instruction

601

ignored the rule in Illinois that violation of a statute is only prima facie evidence of negligence. It did not correctly state the law and therefore was properly refused. Rasmussen v. Wiley, 312 Ill. App. 404.

We find no reversible error in this record and the judgment of the Circuit Court is therefore affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.