SUANE HUFF, a Minor, by LEONTINE HUFF, his Mother and Next Friend, Plaintiffs-Appellants, *v.* ILLINOIS CENTRAL RAILROAD COMPANY, Defendant-Appellee.

(No. 70-71;

Fifth District—February 25, 1972.

Wexler, Kane, Goldman & Rosenzweig, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellants.

Twomey and Hines, of Carbondale, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The plaintiff is Suane Huff "a minor child, by Leontine Huff, his mother and next friend." His suit is against the Illinois Central Railroad for negligence in operation of a train which cut off the plaintiff's leg. At the time of the occurrence the plaintiff was 18 years of age and a freshman at Southern Illinois University.

The accident occurred on April 17, 1965, as the plaintiff was driving a motor vehicle called a motorbike upon and across tracks of the defendant railroad company. Plaintiff had been attending an annual fra-

ternity social outing at the University and, according to his testimony, from 8:00 P.M. until 2:30 A.M. had two or three cans of beer. He left for another party having borrowed a Honda 50 Motorbike from a friend. John Fant, a sophomore student at the University, accompanied him as a passenger. The route followed by Huff took him across the Illinois Central tracks on College Street. He was struck and injured by an Illinois Central train, the Chicksaw No. 15 out of St. Louis. The testimony of the plaintiff and his passenger, who jumped off the passenger seat shortly before the collision, differed in some respects from the evidence of the train crewmen, a student who worked as a part-time switch-tender, and a taxicab driver. The latter stated that he heard the horn or train whistle and the bell and observed the gates guarding the crossing to come down and testified that the plaintiff drove around the gates onto the track area immediately in front of the approaching train. The jury returned a verdict in favor of the railroad company and answered a special interrogatory finding the plaintiff "guilty of negligence which proximately contributed to cause the accident in question, as charged in the plaintiff's complaint."

The entire body of the Post Trial Motion is as follows:

"Now comes plaintiff, by his attorney, and moves that the court set aside the verdict returned by the jury in the above-entitled action, and the judgment entered thereon, and grant him a new trial of said cause; and, in support hereof, plaintiff specifies the following grounds:

1. The verdict was contrary to the law and the evidence.

2. The verdict was contrary to the manifest weight of the evidence.

3. The verdict was not supported by any evidence in the record.

4. The verdict resulted from sympathy, bias, prejudice and compromise on the part of the jury.

5. Defendant's attorneys made highly improper and prejudicial arguments to the jury.

6. The court erred in admitting improper and prejudicial evidence offered by defendant over the objections of plaintiff.

7. The court erred in refusing instructions numbered 3 and 5 tendered by plaintiff.

8. The court erred in giving each and every instruction tendered by defendant, objected to by the plaintiff, and given by the court.

9. The court erred in excluding competent, material and relevant evidence offered by plaintiff."

At the time of the trial the plaintiff was 23 years of age. The plaintiff's argument commences as follows:

"The entire record in this cause must be reviewed in light of the *Muscarello doctrine.* Suane Huff was a minor, and, as a consequence,

entitled to the full protective aegis of the Court. The Courts have a duty to see that a minor's rights are adequately protected and the Courts are further bound to notice irregularities even though the proper and necessary legal procedures are not followed on behalf of the minor. *Muscarello v. Peterson* (1960), 20 Ill.2d 548. The onus is cast upon the judge to protect the minor's interests. *Giles v. Keunnen* (1964), 50 Ill.App.2d 389. The trial judge here, it is respectfully submitted, did not control the trial to protect the minor plaintiff. We therefore turn to this Appellate tribunal."

■■ The plaintiff was a minor at the time of the occurrence but he was not a minor at the time of the trial. For this reason we do not believe that the plaintiff is entitled to have his case tried in the posture of a minor litigant. The theory of the plaintiff throughout is based upon his claim that his rights at the time of the trial were those due a minor litigant. Frequent reference is made throughout appellant's brief to the duty he claims rests upon the court to protect the "minor" plaintiff. All of these contentions, including the alleged failure of plaintiff's trial counsel to take additional discovery steps, are without merit because plaintiff was not a minor at the time of the trial. The public policy of this State to carefully guard the rights of minors is based upon the view that a person of tender years is not normally as capable of acting in his own behalf as would be an adult person.

■■ Even though the minor has a guardian, guardian *ad litem,* next friend, or attorney, the court has a special responsibility for the minor not present when the litigant is an adult. This is a special trust given to the judiciary. But where the litigant is an adult the court must try to avoid any sign of favoritism. Our system is basically one between adversaries and an adult can waive his rights by failure to act.

■■ We have specifically refrained from questioning *sua sponte* the right of the attorney for appellant here to represent Suane Huff if he claims to do so. Many cases outside this State have stated that the next friend's authority expires with the majority of his ward. In order to avoid depriving Huff of his appeal we have not raised this question.

In this court the plaintiff requests a new trial because of errors in instructing the jury, in the giving of the special interrogatory, in consequence of certain evidence which is alleged to have been improperly admitted, failure of prior attorney to take necessary steps for pretrial discovery and claimed improper argument.

■■ The post trial motion filed in this case is wholly insufficient to preserve the errors for appeal. Section 68.1 of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 68.1) provides that "* * * the post-trial motion must contain the points relied upon, particularly specifying the

grounds in support thereof, * * *" and further "* * * A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

■■ In this matter the plaintiff's post trial motion is directed entirely to "the verdict returned by the jury * * * and the judgment entered thereon." No objection is made with respect to the special interrogatory or special verdict in this cause. Therefore, if the verdict were to be set aside by this court, the special verdict or interrogatory would control and the trial court's action would have to be sustained.

■■ Where a finding is substantially conclusive of the fact upon which the issue of liability depended and the party has failed to object to the answer to the interrogatory in the motion for a new trial, the reviewing court must consider the special findings to have been fully sustained by the evidence. *Freeman v. Chicago Transit Authority*, 50 Ill.App.2d 125, 200 N.E.2d 128; *Forslund v. Chicago Transit Authority*, 9 Ill.App.2d 290, 132 N.E.2d 801; *Biggerstaff v. New York C. & St. L. R. Co.*, 13 Ill.App.2d 85, 141 N.E.2d 72.

No argument is made in this court with respect to the weight of the evidence. The remaining objections in the post trial motion are clearly too general to preserve any error. For example, general objections to instructions have been held insufficient in many cases, including *Sny Island Levee Drainage Dist. v. Meyer*, 27 Ill.2d 530, 190 N.E.2d 356, where the Supreme Court said:

"The motion should specify the grounds why the refusal (or giving) of the instruction was error, and if the party fails to do so he waives the right of review."

See also, *Kortlander v. Chicago Transit Authority*, 56 Ill.App.2d 48, 205 N.E.2d 516; *Clifford v. Schaefer*, 105 Ill.App.2d 233, 245 N.E.2d 49; *Barrett v. Fritz*, 42 Ill.2d 529, 248 N.E.2d 111.

A similar rule requires specification of objections to evidence and improper conduct including argument. *Johnson v. Princeville Community High School Dist.*, 65 Ill.App.2d 487, 212 N.E.2d 755; *Hoff v. Yellow Cab Co.*, 53 Ill.App.2d 333, 203 N.E.2d 8; *Enloe v Kirkwood*, 120 Ill.App.2d 117, 256 N.E.2d 459.

■■ In addition to the foregoing, the evidence was that, notwithstanding the plaintiff's minority at the time of the occurrence, he voluntarily drove at fifteen miles per hour into the face of obvious danger which was known to him, immediately after drinking two or three cans of beer. Huff looked to his right, the direction from which the train was approaching, and he could see for four blocks before he drove upon the track area. Approximately 180 feet away he observed the lights starting to flash. He saw a train with a brightly illuminated head lamp. He

heard a whistle; he heard the bell. He did not look to the right again or if he did it was only momentarily before the collision. As he approached the track, the rider on his motorcycle called to him to "Look out" and got off the motorbike without injury to himself. There are certain types of conduct in which the risks of injury are so certain that a verdict ought to be directed or a judgment *n.o.v.* entered where the minor is above the age of 14 under the rule in *Pedrick v. Peoria & E. R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. Where the minor is above the age of 14 his conduct is not necessarily a jury question. (See *Maskaliunas v. Chicago & W. I. R. Co.*, 318 Ill. 142, 149 N.E. 23; *Dickeson v. Baltimore & O. C. T. R. Co*, 42 Ill.2d 103, 245 N.E.2d 762.) This is a case in which all of the evidence viewed in its aspect most favorable to the plaintiff so overwhelmingly favors the defendant that no contrary verdict based on that evidence could ever stand.

Accordingly, this is not a case in which the trial court should have granted a new trial.

Judgment affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.