LAWRENCE A. BROWN, Plaintiff-Appellant, *v.* DECATUR MEMORIAL HOSPITAL, Defendant-Appellee.

Fourth District   No. 15097

Opinion filed August 3, 1979.

MILLS, J., and TRAPP, J., specially concurring.
GREEN, J., dissenting.

Jerome Mirza and Associates, Ltd., of Bloomington, for appellant.

Carl R. Miller and Nicholas J. Neiers, both of Samuels, Miller, Schroeder, Jackson and Sly, of Decatur, for appellee.

PER CURIAM: Plaintiff Lawrence A. Brown's amended complaint, filed in the circuit court of Macon County, charged defendant Decatur Memorial Hospital with two counts of negligent care. The jury returned a verdict for defendant and judgment was entered thereon. On appeal, plaintiff contends that the trial court erred in giving certain instructions tendered by defendant and refusing the corresponding instructions tendered by plaintiff. Defendant asserts that the evidence supported the trial court's rulings on instructions and that, in any event, plaintiff failed to preserve the claimed errors for review.

Plaintiff's theory of recovery was based upon allegations that (1) he was admitted to the defendant hospital on September 30, 1974, while in a state of intoxication, (2) while there he was given a shot of paraldehyde, (3) as a result of his intoxication separately or in concert with the shot he had been given, he became incapable of caring for himself, (4) defendant permitted him access to matches, and (5) he lit a fire with those matches and burned himself.

Plaintiff filed an original four-count complaint on May 7, 1975. The trial court allowed a motion to dismiss counts III and IV of that complaint. Plaintiff appealed the dismissal of count III to this court. That count had alleged "[t]hat the plaintiff, being helplessly under the influence of alcohol, was as a matter of law incapable of being charged with contributory negligence." We affirmed, holding the quoted language to be insufficient to set forth circumstances which would, as a matter of law, relieve plaintiff from the requirement that he must have been in the exercise of due care at the time of the occurrence in order to recover. *Brown v. Decatur Memorial Hospital* (1977), 51 Ill. App. 3d 1051, 367 N.E.2d 575.

The case was subsequently tried upon an amended complaint, the sufficiency of which is not in issue. The evidence showed that on September 30, 1974, plaintiff was taken from a gasoline service station at Weldon to Decatur Memorial Hospital, some 25 miles away, in an ambulance. He arrived at the hospital at 9 p.m. A witness who accompanied plaintiff to the hospital testified that before plaintiff was placed in the ambulance, he was unable to get up from the floor even with help and appeared intoxicated. He described plaintiff as being alternately aggressive and loving, while at the same time being thick-tongued and not understandable during the ride to the hospital. The physician who admitted plaintiff diagnosed him as suffering from acute and chronic alcoholism. The doctor gave plaintiff a mild dose of paraldehyde to sober him and ordered that a restraining belt be used as needed. The doctor described plaintiff as being rational and coherent and able to walk without staggering at that time. The doctor expressed an opinion that plaintiff was not then "helplessly intoxicated" but admitted that the drug

administered could produce delirium in the presence of pain. Plaintiff had complained of abdominal pain although the doctor testified to being unable to find physical evidence of it.

Several nurses or nurse's aides who thereafter attended plaintiff testified that he smelled of drink but did not otherwise exhibit evidence of substantial intoxication. The nurse supervising the area went to plaintiff's room when other nurses stated that he had been leaving the room. The supervisor ordered that plaintiff be put in a safety jacket so that he could be given an intravenous injection. She stated that plaintiff had not been classified as being either physically or mentally irresponsible for his actions. A nurse's aide who helped get plaintiff into a hospital gown testified to seeing him take a book of matches from his pocket and she later put them into a drawer of a bedside table. This witness also said that while in the restraining apparatus plaintiff told her that he would be out of it by morning. Plaintiff apparently got out of the restraining apparatus sufficiently to get to the matches, and after lighting one or more of them, set his bed on fire at about 2 a.m. on October 1, 1974.

Plaintiff's strongest evidence came from his brother and sister-in-law who came to the emergency room after his arrival. She described plaintiff as then being trembly, feeble, and irrational. His brother testified that plaintiff requested a cigarette while in the emergency room and was taken into a hall so that he could smoke. He stated he lit a cigarette for plaintiff and was told by a nurse to watch plaintiff while plaintiff smoked. He said that plaintiff had tried to light up when plaintiff did not have a cigarette in his mouth. Plaintiff himself testified to having no recollection of the occurrence from the time he was taken in an ambulance.

■■■ Defendant's claim that any error in rulings upon instructions was not preserved is based upon plaintiff's failure to abstract his post-trial motion and to specify in that motion his objections to the trial court's rulings on instructions. The error in abstracting was cured by the filing of a supplemental abstract which included the post-trial motion. The question of the sufficiency of the post-trial motion is more complicated and will be discussed in the opinions which follow.

For different reasons explained in their separate concurring opinions, a majority of the court concludes that the judgment appealed should be affirmed. It is so ordered.

Affirmed.

Mr. JUSTICE MILLS, specially concurring:
On procedural grounds, this case should be affirmed.
To my view, plaintiff has not properly preserved his issues for review

in this court. And he must first gain admittance before he can be heard. This he failed to do.

In citing alleged errors below, the post-trial motion merely said:

"(5) The Court refused to give Plaintiff's tendered instructions 9, 11 and 16.

(6) The Court gave, over objection of the Plaintiff, Defendant's tendered instructions 2, 3 and 4."

Section 68.1(2) of the Civil Practice Act not only dictates that a post-trial motion "must contain the points relied upon," but further prescribes and mandates more: "* * * particularly specifying the grounds in support thereof, * * *." Defendant argues that such requirement has not been met here and I am persuaded that this is so.

In 1958, this question was ruled upon directly in *Tabor v. Tazewell Service Co.* (1958), 18 Ill. App. 2d 593, 600-01, 153 N.E.2d 98, 102, where the post-trial motion cited as error that the court gave or refused certain instructions, designated as plaintiff's or defendants' and identified by number. The appellate court (for the then third district) ruled,

"We think the above recitals were sufficient to preserve the alleged error in instructing the jury. The attention of the trial court was thereby directed to certain particular instructions which are referred to by their respective numbers. The obvious purpose behind the enactment of Sec. 68.1 is to require the party seeking a new trial to indicate with sufficient particularity in his motion the grounds relied upon thus affording the trial court an opportunity to correct its error. While a post trial motion must specify the errors relied upon, it need not be a brief or argument. [Citations.]" 18 Ill. App. 2d 593, 600-01.

More recently, in *Crothers v. La Salle Institute* (1976), 40 Ill. App. 3d 984, 992, 353 N.E.2d 114, 121, this question was again raised. The post-trial motion there stated that the court erred in refusing to give plaintiff's instruction No. 5 and set forth verbatim the instruction complained of. Citing *Tabor*, the appellate court for the first district ruled that to be sufficient to preserve the error for appeal.

But dictum to the contrary is found in *Huff v. Illinois Central R.R. Co.* (1972), 4 Ill. App. 3d 113, 280 N.E.2d 256, where the appellate court for the fifth district found the entire post-trial motion to be insufficient to preserve errors for appeal. Citing *Sny Island Levee Drainage District v. Meyer* (1963), 27 Ill. 2d 530, 190 N.E.2d 356, among others, the court found the following objections in plaintiff's post-trial motion to be too general to preserve any error:

" 7. The court erred in refusing instructions numbered 3 and 5 tendered by plaintiff.

8. The court erred in giving each and every instruction tendered by defendant, objected to by the plaintiff, and given by the court.' " 4 Ill. App. 3d 113, 115, 117, 280 N.E.2d 256, 258, 260.

In *Sny Island,* defendants made a general objection in their post-trial motion to " 'every instruction that was tendered by the objectors and refused by the court.' " The court ruled that to be insufficient, stating, "The motion should specify the grounds *why* the refusal (or giving) of the instruction was error, and if the party fails to do so he waives the right of review." (Emphasis added.) 27 Ill. 2d 530, 537-38, 190 N.E.2d 356, 361.

Although the citation of error in the post-trial motion in *Sny Island* was more general than that here, the Illinois Supreme Court did state a broad rule, and I consider that rule to be controlling. Consistent with the ruling in *Sny Island* is the Supplement to Historical and Practice Notes to section 68.1 of the Civil Practice Act (Ill. Ann. Stat., ch. 110, par. 68.1, at .14 (Smith-Hurd 1978 Supp.)), which states,

"The neglect of this subsection's requirement that the 'post-trial motion must contain the points relied upon [for post-trial relief], particularly specifying the grounds in support thereof' occasions a great many futile appeals, and a great deal of useless labor by counsel and the appellate courts. Strict adherence to the requirement allows the officer most likely in the usual case to be able accurately to assess the claimed error—the trial judge—the maximum opportunity to correct any errors that may have occurred. Nor is the requirement that the post-trial motion be specific in pointing out claimed defects one which is unduly burdensome to the litigants. It does not require them to do any work they would not in any event have to do eventually, and in fact it encourages the litigants and their counsel to evaluate their case and the course of the trial at precisely the time their recollection of it is freshest."

Finally, I note that there is a recent decision of the appellate court for the third district, *Biehler v. White Metal Rolling & Stamping Corp.* (1978), 65 Ill. App. 3d 1001, 382 N.E.2d 1389, in which plaintiff's post-trial motion was found to be sufficient. The *Biehler* opinion does not quote the language used in the post-trial motion and does not indicate any particular method by which error in instructing the jury must be cited in such a motion. If the post-trial motion there cited errors in the giving or refusal of instructions—by merely identifying the instructions by number—I would deem that decision to be contrary to the ruling in *Sny Island.*

In sum, I believe plaintiff's post-trial motion to have been insufficient to preserve for appeal the alleged errors in instructing the jury. And as those were the only errors urged on appeal, the lower court should be affirmed.

Mr. JUSTICE TRAPP, specially concurring:

I concur with the statement of Mr. Justice Mills that the judgment of the trial court should be affirmed, but disagree with his conclusion that the affirmance is required because the issue concerning the giving and refusing of the instructions was not sufficiently preserved in the post-trial motion under the provisions of section 68.1(2) of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 68.1(2).

Mr. Justice Mills has fairly set forth the opinions which have considered the form in which objections to instructions must be set forth in the post-trial motion, but concludes that the opinion in *Sny Island* prevails over the appellate opinions in *Tabor v. Tazewell Service* and *Crothers v. La Salle Institute*, and quotes:

"The motion should specify the grounds *why* the refusal (or giving) of the instruction was error, and if the party fails to do so he waives the right of review." (Emphasis supplied.) *Sny Island Levee Drainage District v. Meyer* (1963), 27 Ill. 2d 530, 537-38, 190 N.E.2d 356, 361.

Many of the cited appellate opinions indicate a practice in several districts of not requiring a post-trial motion to set forth reasons both "why" an instruction should or should not have been given.

In *Sny Island* (27 Ill. 2d 530, 537, 190 N.E.2d 356, 361), the objection stated in the post-trial motion was to " 'every instruction that was tendered by the objectors and refused by the court.' " It does not appear that the court had occasion to consider the question in the light of Supreme Court Rule 239 (58 Ill. 2d R. 239), effective as Supreme Court Rule 25—1 in 1961, which required that at the conference on instructions "The grounds of the objections shall be particularly specified." The historical notes found in Smith-Hurd Annotated Statutes directed to section 67(3) of the Civil Practice Act (Ill. Ann. Stat., ch. 110, par. 67(3), Historical and Practice Notes, at 301 (Smith-Hurd 1968)) disclosed that a provision for an instruction conference was provided in 1955, but that statute contained no requirement for specifying objections to the instructions. It cannot be ascertained from the opinion in *Sny Island* whether the rule requiring specific objections was operative at the time of the trial in *Sny Island*. In the light of the present rule requiring specific objections to be stated at an instruction conference, as a matter of record upon which the trial court rules, we are reluctant to invoke the rule in this case. It seems sufficient that at the time of the post-trial hearing the matters of objection would have been heard by the trial judge at a conference on instructions. For this reason we are reluctant to invoke a rule of waiver in this case.

Plaintiff's theory of recovery was based upon the opinion in *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468. There a

wrongful death action was brought by a personal representative for her decedent's suicide while in the defendant's jail. The trial court granted defendant's motion for summary judgment because the decedent's death was self-inflicted and he was voluntarily intoxicated at the time. The appellate court reversed, stating:

> "The finding that decedent voluntarily became intoxicated and while in that condition engaged in an act which, objectively, could be characterized as voluntary and which proximately caused the death does not show contributory negligence as a matter of law. The relevant inquiry is whether the decedent in his condition was incapable of exercising due care for his own safety and whether the persons charged with responsibility toward him knew or reasonably should have known of his incapability. (See *Barlow v. City of New Orleans* 257 La. 91, 102, 240 So. 2d 501, 505 (1970).)" (35 Ill. App. 3d 703, 711, 342 N.E.2d 468, 474.)

It is noted that the *Barlow* opinion discloses that in Louisiana contributory negligence is an affirmative defense with the burden of proof upon the defendant.

In addition to *Barlow*, the *Dezort* opinion cited *Thomas v. Williams* (1962), 105 Ga. App. 321, 124 S.E.2d 409, and *Kimbrell v. American Indemnity Co.* (La. App. 1952), 56 So. 2d 880. A footnote in *Dezort* mentioned that *Kimbrell* had applied a rule similar to that in *Burke v. Chicago & Northwestern R.R. Co.* (1902), 108 Ill. App. 565; *Panor v. Northwestern Elevated R.R. Co.* (1923), 228 Ill. App. 162, and *Chevalier v. Chicago Transit Authority* (1949), 338 Ill. App. 119, 86 N.E.2d 838. Prior to the previously quoted passage from *Dezort*, that opinion had stated that contributory negligence was a bar to recovery for wrongful death and that court saw "no reason to deny its application" to that case. 35 Ill. App. 3d 703, 710, 342 N.E.2d 468, 474.

We deem the rule set forth in *Dezort*, to be substantially as follows, where (1) an individual is placed in the care of custody of an entity such as police (*Dezort, Thomas, Kimbrell*), a carrier (*Burke, Panor, Chevalier*), or, as here, a hospital, (2) that person is incapable of exercising care because of voluntary intoxication, and (3) those in charge of the entity know of the person's incapacity, recovery may be obtained on behalf of the individual for injury proximately caused by the negligence of those having the care or custody even though the conduct of the injured person would otherwise have been contributory negligence. Under these circumstances, the usual rule that a voluntarily intoxicated person is responsible for his conduct while intoxicated (Illinois Pattern Jury Instructions, Civil, No. 12.01 (2d ed. 1971) (hereinafter cited as IPI Civil)) is not applicable. Knowledge by the alleged tortfeasor of the injured party's incapacity is an element not only of the duty owed to the injured

party, but also as to whether the injured party is excused from otherwise negligent conduct which occurred during the incapacity.

The refused instructions in issue which concerned the *Dezort* theory of recovery were as follows:

Plaintiff's instruction 9 (IPI Civil No. 10.03, modified), which stated:

"It was the duty of plaintiff, before and at the time of the occurrence, to use ordinary care for his own safety unless he was so intoxicated or sedated that he was incapable of exercising due care."

Plaintiff's instruction 16 (IPI Civil No. 21.02, modified), which stated in part:

"The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff before and at the time of the occurrence was using ordinary care for his own safety or incapable of exercising ordinary care."

As the rule set forth in *Dezort* which relieves a plaintiff from responsibility for conduct which would otherwise be contributory negligence is premised not only upon the alleged fact of plaintiff's incapacity but also upon knowledge on the part of the defendant of that incapacity, the refusal to give plaintiff's instructions 9 and 16 was not error for it is apparent that they omit all reference to the requirements that defendant has knowledge of the plaintiff's incapacity.

It is contended that the trial court erred in giving certain instructions.

Defendant's instruction 1 (IPI Civil No. 10.03) stated:

"It was the duty of the plaintiff, before and at the time of the occurrence, to use ordinary care for his own safety. That means it was the duty of the plaintiff to be free from contributory negligence."

Defendant's instruction 2 (IPI Civil No. 12.01) stated:

"Whether or not a person involved in the occurrence was intoxicated at the time is a proper question for the jury to consider together with other facts and circumstances in evidence in determining whether or not he was contributorily negligent. Intoxication is no excuse for failure to act as a reasonably careful person would act. An intoxicated person is held to the same standard of care as a sober person."

Defendant's instruction 4 (IPI Civil No. 21.02), stated, in part:

"First, that the plaintiff before and at the time of the occurrence was using ordinary care for his own safety."

Plaintiff's supplemental abstract shows that no objection was made to giving this instruction.

I would find no error in the giving of defendant's instructions. It

would appear necessary that the jury be instructed as to the law controlling where the evidence was less than that of plaintiff's complete lack of capacity to protect himself and that such condition was known to defendant.

Contributory negligence remains an issue in the claim by plaintiff. *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 710, 342 N.E.2d 468, 474.

In *Panor v. Northwestern Elevated R.R. Co.* (1923), 228 Ill. App. 162, the evidence disclosed that the decedent was helplessly intoxicated and that such fact was known to defendant. Decedent was removed from defendant's car and left in a position where he was struck by a following train. The reviewing court examined the available law upon such facts at length and stated:

> "In no case that we have been able to find has the Supreme Court had before it the direct question whether voluntary intoxication is in any way an excuse or condonation for lack of ordinary care. We are of the opinion that, as stated in the *Burke* case, *supra*, the allegations in voluntary intoxication cases, where they go so far as to set up complete helplessness, *constitute an exception to the general rule.*" (Emphasis supplied.) 228 Ill. App. 162, 177-78.

The stated principle was comparably expressed in *Chevalier v. Chicago Transit Authority* (1949), 338 Ill. App. 119, 127, 86 N.E.2d 838, 842:

> "While it is true that if a person is so intoxicated as to be in a helpless condition, of which condition defendant has knowledge, and he is so accepted as a passenger, then if an injury is received by such person as a proximate result of defendant's negligence, the pre-existing condition of intoxication cannot be considered as an element demonstrating contributory negligence."

In IPI Criminal Nos. 24.01 and 24.02, one finds forms of proper instructions stating the "exception" to the law concerning criminal responsibility arising by reason of such a degree of intoxication or mental incapacity that one is unable to act responsibly. *Cf.* IPI Civil No. 10.05; *Porter v. County of Cook* (1976), 42 Ill. App. 3d 287, 293, 355 N.E.2d 561, 565.

The record discloses no tender of an instruction by plaintiff which correctly states the law upon the alleged facts which might excuse the plaintiff from his duty to exercise ordinary care for his own safety.

Plaintiff also maintains that the court erred in giving IPI Civil No. 15.01 on proximate cause without, as requested by plaintiff, including in the instruction the statement that the proximate cause "need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it,

causes the injury." The "Notes on Use" for the instruction indicate that the foregoing should be included in the instruction when there is evidence of concurring or contributing cause. Here, evidence of liability of others was very minimal at best, and no argument was made that anyone other than hospital personnel was a proximate cause of plaintiff's injuries. Any failure to include the requested matter in the instruction was reversible error.

Plaintiff has the burden of submitting instructions which correctly state the law upon his theory of the case. There is no burden upon defendant to incorporate plaintiff's theory of the case into its otherwise correct statement of the law.

Mr. JUSTICE GREEN, dissenting:

I dissent.

For the reasons stated by Mr. Justice Trapp, I agree with him that (1) any errors in the trial court's rulings on instructions were not waived by lack of specificity in plaintiff's post-trial motion, and (2) the trial court properly refused the instructions in issue tendered by plaintiff. I disagree with his conclusion that no reversible error occurred in the giving, over plaintiff's objection, of defendant's instructions 1 and 2.

Mr. Justice Trapp correctly sets forth the rule of *Dezort* and its predecessors to provide that an injured intoxicated person may recover from a hospital for its negligence which is a proximate cause of his injury even though he failed to exercise ordinary care if (1) he was so intoxicated as to be unable to exercise care, (2) he was in the care of the hospital at the time of the injury, and (3) those in charge of the operation of the hospital knew of his incapacity.

Although the question is a close one, I conclude that the jury could have found plaintiff to have been so intoxicated at the time of the fire as to be unable to exercise ordinary care. If this was so, the jury could obviously have also found that the personnel of the hospital were aware of plaintiff's condition. Evidence was presented that plaintiff (1) was admitted to the hospital in a state of acute and chronic alcoholism, (2) while in the emergency room attempted to light a cigarette without having one in his mouth, (3) at that time was in such condition that a nurse advised plaintiff's relatives not to let him smoke without their being present, (4) had been given a dose of a drug which could cause tremens, (5) required restraint in his room to keep him in bed, (6) was in such condition at the time of the fire that a very restrictive apparatus called a safety jacket was necessary in order for nurses to give him an intravenous injection, and (7) was at trial unable to remember the episode.

Moreover, the amended complaint upon which the case was tried contained no allegation that plaintiff was exercising ordinary care, and he

made no contention that such was the case. Plaintiff's theory of recovery was the *Dezort, Panor* exception to the general rule that he must prove his exercise of ordinary care. Had there been insufficient evidence to support this theory, the trial court should have directed a verdict.

As the jury could have determined that plaintiff was entitled to recover under circumstances whereby plaintiff was excused from the exercise of ordinary care because of his intoxication, the court greatly confused the jury by instructing the jury, over plaintiff's objection, that (1) plaintiff had the duty to have been in the exercise of ordinary care, as stated in defendant's instruction 1 (IPI Civil No. 10.03), and (2) intoxication was no excuse for a failure to exercise ordinary care, as stated in defendant's instruction 2 (IPI Civil No. 12.01). Although the instructions were not peremptory and correctly stated the general rule, they were incorrect statements of the law as applied to the evidence before the jury. I consider their combined effect to make reversible the error resulting from their being given.

This writer has been a participant in creating the precedent under which this case was tried. Mr. Justice Trapp's special concurrence makes the first full statement of the rule under which plaintiff might have recovered here. With the benefit of hindsight, it is apparent that *Dezort* and our prior decision in this case, neither of which concerned a trial on the merits, may have created confusion and made it difficult for court and counsel to have proceeded here. Although the parties here have already been required to undergo an extended journey, I nevertheless conclude that fairness requires the award of a new trial.