(No. 52517.–

LAWRENCE A. BROWN, Appellant, v. DECATUR MEMORIAL HOSPITAL, Appellee.

*Opinion filed December 1, 1980.*

Jerome Mirza & Associates, Ltd., of Bloomington (David V. Dorris, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Carl R. Miller and Nicholas J. Neiers, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The plaintiff, Lawrence A. Brown, filed a complaint in the circuit court of Macon County alleging that he sustained injuries as a result of the negligence of the defendant, Decatur Memorial Hospital, while he was a patient in that institution. The dismissal of two counts of that complaint was affirmed in an earlier appeal (51 Ill. App. 3d 1051). Following a subsequent trial upon an amended complaint, the jury returned a verdict in favor of defendant and plaintiff appealed. The appellate court affirmed (74 Ill. App. 3d 436), and we subsequently granted leave to appeal. We affirm.

Evidence adduced at trial indicated that plaintiff, who had a history of alcoholism, was taken to the emergency room of the Decatur Memorial Hospital, and was subsequently admitted to the hospital as an acute and chronic alcoholic. The emergency room doctor ordered plaintiff given an intramuscular injection of paraldehyde, a sedative used to sober up alcoholics. At trial the doctor stated that the plaintiff complained of stomach pains and that paraldehyde could cause delirium in the presence of pain, but testified that he could find no physical cause for plaintiff's complaints. Although plaintiff's brother and sister-in-law,

who observed him at intervals during the preadmission period, indicated he was "trembly" and feeble, and the brother thought he was not rational, the emergency room doctor testified he appeared rational, coherent and walked without staggering. Members of the hospital staff who dealt with him during the several hours between his admission and the time he was injured all agreed that he was rational, coherent and capable of walking steadily. When he was taken to a room in the hospital, some matches were taken from him and placed in the drawer at a bedside table. Subsequently plaintiff was placed in a restraining jacket and secured to his bed. A fire later broke out in plaintiff's bedding and he received the injuries which are the basis of this action. No one testified as to the origin of the fire. With the exception of being burned, plaintiff testified he could remember nothing from the time shortly before he was placed in the ambulance until several days after he received the burns. Plaintiff's complaint, however, alleged that the fire started while he was lighting matches.

Plaintiff's theory of the case was that the defendant was negligent in failing to properly supervise him or to deny him access to matches at a time when it knew he was incapable of exercising ordinary care for his own safety. Plaintiff further contended that contributory negligence is not a defense when a hospital knows that the patient is not capable of exercising ordinary care in his own behalf. This theory was embodied in plaintiff's instructions concerning contributory negligence, the issues and the burden of proof. The trial court gave plaintiff's issues instruction but also gave defendant's contributory negligence and burden of proof instructions, which did not take into account plaintiff's proposed exception to the contributory negligence rule. The jury subsequently returned a verdict for the defendant, and on appeal the plaintiff argues that

the trial court's decision to refuse his instructions and to give the defendant's was erroneous. In addition to opposing plaintiff's arguments, defendant urges that evidence of plaintiff's incapacity to care for himself is so lacking that defendant's motion for a directed verdict should have been allowed regardless of whether incapacity to exercise due care is recognized as an exception to the contributory negligence bar. While defendant's position is certainly arguable, we need not consider its merits since we affirm for other reasons.

The appellate court affirmed in a decision without a majority opinion. Mr. Justice Mills concurred in affirming because the plaintiff's post-trial motion was not sufficiently specific to preserve the instructions issue. (74 Ill. App. 3d 436, 438-40 (Mills, J., specially concurring).) Mr. Justice Trapp, also specially concurring in the affirmance, thought that the post-trial motion was adequate, but voted to affirm because he believed plaintiff's refused instructions were not legally correct. (74 Ill. App. 3d 436, 441-45 (Trapp, J., specially concurring).) Mr. Justice Green dissented, believing the giving of certain of defendant's instructions constituted reversible error. 74 Ill. App. 3d 436, 445-46.

We need not reach the issue of the adequacy of the instructions because we conclude that plaintiff's post-trial motion was not sufficiently specific to preserve that question. Section 68.1(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(2)) provides in part:

"The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief."

This requirement has been enforced by our rule limiting the scope of review in jury cases:

"A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not

specified in the motion." (73 Ill. 2d R. 366(b)(2)(iii).)

In contrast to the specificity required by the legislature's statute and by this court's rule, plaintiff's post-trial motion stated only that "The Court refused to give Plaintiff's tendered instructions 9, 11, and 16" and that "The Court gave, over objection of the Plaintiff, Defendant's tendered instructions 2, 3, and 4." Since neither of these allegations of error specifies the ground upon which it is based, they are clearly inadequate under both the statute and the rule.

Plaintiff urges, however, that we create an exception to the post-trial motion rule for questions pertaining to jury instructions. He argues that as to jury instructions the purposes of the rule are already effectuated by other rules regulating the conference on instructions and appeals from the decisions made at that conference. The purpose of the post-trial motion specificity rule is threefold. First, it allows the decision maker who is most familiar with the events of the trial, the trial judge, to review his decisions without the pressure of an ongoing trial and to grant a new trial if, on reconsideration, he concludes that his earlier decision was incorrect. (*People ex rel. Gustafson v. City of Calumet City* (1968), 101 Ill. App. 2d 8, 11; *Larson v. Harris* (1966), 77 Ill. App. 2d 430, 434, *aff'd* (1967), 38 Ill. 2d 436; *Speers v. Wedekind* (1952), 348 Ill. App. 547 (abstract of opinion); Ill. Ann. Stat., ch. 110, par. 68.1, Supplement to Historical and Practice Notes at 15 (Smith-Hurd Supp. 1980).) Second, by requiring the statement of the specific grounds urged as support for the claim of error, the rule allows a reviewing court to ascertain from the record whether the trial court has been afforded an adequate opportunity to reassess the allegedly erroneous rulings. Third, by requiring the litigants to state the specific grounds in support of their contentions, it prevents them from stating mere general objections and subsequently raising on appeal arguments which the trial judge

was never given an opportunity to consider. (*Richman Chemical Co. v. Lowenthal* (1958), 16 Ill. App. 2d 568; see also Ill. Ann. Stat., ch. 110A, par. 366, Historical and Practice Notes at 266 (Smith-Hurd 1976).) The rule, which is not limited to questions concerning jury instructions, has the salutary effect of promoting both the accuracy of decision making and the elimination of unnecessary appeals.

The courts of this State have also developed a rule limiting the scope of appeals from decisions regarding jury instructions. To raise an issue on appeal concerning the giving of or the failure to give an instruction, the appellant must provide the reviewing court with the content of the instruction conference establishing that the appellant there raised the argument that he advances on appeal or else he is barred from raising it in the reviewing court. (*Barrett v. Fritz* (1969), 42 Ill. 2d 529, 532-33; *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 314; *Raabe v. Maushak* (1977), 55 Ill. App. 3d 169, 172-73; *Johnston v. Basic* (1973), 16 Ill. App. 3d 453, 457-58; *O'Neill v. Montalbano* (1972), 3 Ill. App. 3d 414, 417.) This rule does prevent a litigant from raising issues on appeal which he did not present to the trial court. It does not, however, afford the trial court an opportunity to subsequently reevaluate the merits of its earlier rulings on instructions.

In order to reconsider the correctness of the original rulings the trial court must be adequately apprised of the grounds for the litigants' contentions that the earlier decisions were incorrect. So informing the court does not require voluminous post-trial motions. All that is necessary is a simple, succinct statement of the factual or legal basis for movant's belief that the trial court action was erroneous. Merely listing the numbers of the supposedly erroneous instructions does not, as a rule, give the trial court sufficient opportunity to make an informed reexamination of its earlier rulings. At the time that a trial judge

rules on a post-trial motion the record of the conference on instructions generally will not yet have been transcribed. In that circumstance, and without an assertion in the motion of the specific grounds urged by the litigant as support for his claim of error, the trial judge would have to rely upon his recollection of arguments made weeks, or even months, before. (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(3).) In rare instances that recollection may suffice, but we cannot endorse a procedure that would predicate the trial judge's evaluation of past rulings upon such a fortuity.

The statement of specific grounds in the post-trial motion is also essential to a determination by a reviewing court that the trial court has been afforded an adequate opportunity to reexamine its earlier rulings. To make certain that the trial court has had that opportunity, the reviewing court must be able to ascertain from the record that the specific contentions advanced on appeal were argued before the trial court. The case now before us illustrates the difficulty of making that determination when the specific grounds have not been stated in the post-trial motion. Nothing in the record forwarded to this court indicates that the trial court was apprised after the trial of the specific arguments advanced to this court. Compliance with the current post-trial-motion rule, however, would have informed us whether the trial court had been given an adequate opportunity to reconsider its earlier rulings. The desirability of that opportunity is highlighted in this case where the trial judge denied defendant's motion for a directed verdict, but also refused to submit to the jury plaintiff's "incapacity to exercise due care" theory because the judge concluded there was insufficient evidence of incapacity. If those actions are, as suggested, thought inconsistent, it was particularly important that the post-trial motion specify the factual or legal foundation for that belief so that the judge might reevaluate his rulings.

The case now before us is not the first one to test in this court the adequacy of a post-trial motion alleging error in jury instructions. In *Sny Island Levee Drainage District v. Meyer* (1963), 27 Ill. 2d 530, 537, the appellant made a general claim of error in her post-trial motion to "every instruction that was tendered by the objectors and refused by the court." This court summarily rejected the argument that such language was adequate and held that the post-trial motion must state the specific grounds supporting the claim of error. Plaintiff in this case seeks to distinguish *Sny Island* on the basis that the motion in the instant case specified the particular instructions as to which claims of error are made. The essential point, however, is not distinguishable. The language of the motion in neither *Sny Island* nor in this case apprised the trial court of the grounds supporting the claim of error.

Plaintiff here also argues that the trial in *Sny Island* preceded the adoption of our previous Rule 25—1, the precursor of our current Rule 239 (73 Ill. 2d R. 239), which requires the litigants to make specific objections at the conference on instructions. He contends that the adoption of Rule 239 eliminated the need for specificity in the post-trial motion. For the reasons stated above, however, we do not believe that the requirement of specificity at the instruction conference effectuates all the purposes subserved by the requirement of specificity in the post-trial motion. Moreover, the courts of this State had developed the specificity requirement for the instruction conference before the trial in *Sny Island* and before the adoption of Rule 25—1 by this court. (*Saunders v. Schultz* (1960), 20 Ill. 2d 301, 314.) The court in *Sny Island* required specificity in the post-trial motion even though prior decisional law had already required similar specificity in the objections made at the conference on instructions.

This court reiterated the requirement of specificity

in the post-trial motion in *Barrett v. Fritz* (1969), 42 Ill. 2d 529, 532. Although some appellate court decisions have apparently allowed a looser practice (*Biehler v. White Metal Rolling & Stamping Corp.* (1978), 65 Ill. App. 3d 1001; *Crothers v. La Salle Institute* (1976), 40 Ill. App. 3d 984; *Tabor v. Tazewell Service Co.* (1958), 18 Ill. App. 2d 593), this court has never done so and, given the reasons stated above, we see no reason to do so now.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*