RAYMOND SCHULTZ *et al.*, Plaintiffs-Appellants, *v.* REPUBLIC INSUR-
ANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 83—2757

Opinion filed May 18, 1984.

Rabens, Formusa & Glassman, Ltd., of Chicago (George C. Rabens, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Norman A. Miller, Richard A. Buchanan, William H. Gillford, Jr., and George D. Gardner, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from a judgment entered on a jury verdict for defendant in an action for amounts allegedly due under a homeowner's insurance policy for fire damage to their residence. They contend that the trial court erred in refusing to give (a) a tendered non-IPI instruc-

tion concerning the presumption of innocence, and (b) two special interrogatories regarding their involvement in the arson which occasioned the loss.

A residence owned by plaintiff was damaged by a fire which it is agreed was intentionally set. The property was covered by a homeowner's insurance policy issued by defendant, which insured against loss or damage by fire and, when plaintiffs' claim for coverage thereunder was denied, they brought the instant action seeking recovery. The above facts being undisputed, the sole issues at trial (no transcript or abstract of which was included in the record) concerned the amount of damages and defendant's affirmative defense that plaintiffs either set the fire or caused it to be set. The jury returned a verdict for defendant and answered affirmatively a special interrogatory which stated: "Did Raymond Schultz either set the fire or cause it to be set?" Plaintiffs' posttrial motion was denied, and this appeal followed.

Opinion

Before reaching the merits of plaintiffs' contentions, we must first consider defendant's assertion that the issues presented in this appeal were waived by plaintiffs' failure to include a transcript of the instruction conference in the record, as well as by their failure to set forth with particularity in their post-trial motion the grounds relied upon in asserting that the trial court erred in refusing to give the instruction and interrogatories in question. In support thereof, it relies on Supreme Court Rules 323(a) and 366(b)(2)(iii), which provide that the report of proceedings must include all evidence pertinent to the issues on appeal (87 Ill. 2d R. 323(a)), and that "[a] party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion" (87 Ill. 2d R. 366(b)(2)(iii). Defendant also maintains that the post-trial motion did not comply with section 2—1202(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1202(b)), which provides in relevant part that "[t]he post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof ***."

▪ These questions were addressed recently by the supreme court in *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337, which appears to be dispositive thereon. The court there held that the plaintiff had failed to preserve for review the question whether the trial court erred in giving certain instructions and refusing others because his post-trial motion merely set forth the instruction numbers, without reference to the grounds for his objection, noting that "[s]ince neither of these allegations of error specifies the ground

upon which it is based, they are clearly inadequate under both [section 2—1202(b) and Rule 366(b)(2)(iii)]." (83 Ill. 2d 344, 349, 415 N.E.2d 337, 339.) The court went on to discuss the rationale of requiring such specificity:

"First, it allows the decision maker who is most familiar with the events of the trial, the trial judge, to review his decisions without the pressure of an ongoing trial and to grant a new trial if, on reconsideration, he concludes that his earlier decision was incorrect. [Citations.] Second, by requiring the statement of the specific grounds urged as support for the claim of error, the rule allows a reviewing court to ascertain from the record whether the trial court has been afforded an adequate opportunity to reassess the allegedly erroneous rulings. Third, by requiring the litigants to state the specific grounds in support of their contentions, it prevents them from stating mere general objections and subsequently raising on appeal arguments which the trial judge was never given an opportunity to consider. [Citations.] The rule *** has the salutary effect of promoting both the accuracy of decision making and the elimination of unnecessary appeals." (83 Ill. 2d 344, 349-50, 415 N.E.2d 337, 339.)

Here, as in *Brown*, plaintiffs' post-trial motion asserts merely that the trial court erred in refusing one of its tendered instructions and two special interrogatories and, while they are set forth verbatim, there is no indication as to the grounds for the allegation of error. Thus, the trial court was not granted the opportunity required by *Brown* to reconsider its earlier rulings, and the issue must be deemed waived. While the result seems harsh, it should be noted that very little is required in complying with this rule, just "a simple, succinct statement of the factual or legal basis for movant's belief that the trial court action was erroneous" (83 Ill. 2d 344,350, 415 N.E.2d 337, 340), and enforcement thereof is not a mere matter of formality, but a tool designed to further the important goal of achieving judicial economy, a tool which is rendered useless if not employed in appropriate circumstances.

Moreover, we are unable to ascertain from the record before us whether the specific contentions argued on appeal were ever presented to the trial court, an important point since such arguments may not be raised for the first time on appeal. (*Raabe v. Maushak* (1977), 55 Ill. App. 3d 169, 371 N.E.2d 96.) In this regard, we note the *Brown* court's further statements concerning the failure to present a reviewing court with the contents of the instruction conference:

"The courts of this State have also developed a rule limiting the scope of appeals from decisions regarding jury instructions.

To raise an issue on appeal concerning the giving of or the failure to give an instruction, the appellant must provide the reviewing court with the content of the instruction conference establishing that the appellant there raised the argument that he advances on appeal or else he is barred from raising it in the reviewing court. [Citations.] This rule *** prevent[s] a litigant from raising issues on appeal which he did not present to the trial court." (*Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 350, 415 N.E.2d 337, 339-40.)

The record before us is devoid of any material from which we could ascertain the content of the instruction conference. In the absence thereof, or of any specific grounds set forth in the post-trial motion, we cannot determine whether the arguments raised on appeal were ever presented to the trial court for its consideration. Under these circumstances, we are constrained to agree with defendant that the issues raised are waived, since we believe that the holding in *Brown*, concerning jury instructions, is equally applicable to the giving of or failure to give special interrogatories. See *Gasbarra v. St. James Hospital* (1979), 85 Ill. App. 3d 32, 37, 406 N.E.2d 544, 549 ("Special interrogatories must be tendered, objected to, ruled upon, and submitted to the jury in the same manner as instructions [citation], and it is well settled that to preserve an objection to an instruction or special interrogatory upon review, the grounds for the objection must have been specifically raised in the trial court").

■■ We further note that affirmance of the judgment would be required even in the absence of waiver, since we see little merit in the arguments raised on appeal. Plaintiffs first assert that the trial court erred in refusing to give the following instruction:

"It is presumed that all men are honest and where fraud is charged it must be proved by clear and convincing testimony and cannot be established upon mere suspicion. False filing in proof of loss in order to void the insurance must be willful and with intent to deceive and defraud the insurer."

It is their position that "every person accused of a criminal offense, whether it be in a civil or criminal proceeding, is entitled to a presumption of innocence." Therefore, they posit, since arson was the principal issue in this case, the above instruction was mandated.

The function of instructions is to convey to the jury the correct principles of law applicable to the evidence submitted to them (*LeMaster v. Chicago Rock Island & Pacific R.R. Co.* (1976), 35 Ill. App. 3d 1001, 343 N.E.2d 65); therefore, although the parties are entitled to have the jury instructed as to their theory of the case, the instruction

tendered must accurately state applicable law (*Geving v. Fitzpatrick* (1978), 56 Ill. App. 3d 206, 371 N.E.2d 1228; *Kinka v. Harley-Davidson Motor Co.* (1976), 36 Ill. App. 3d 752, 344 N.E.2d 655). Here, the tendered instruction sets forth an erroneous standard of proof with regard to arson. It is the rule in Illinois that where arson is raised as a defense in an action to recover under a fire insurance policy, it need only be proved by a preponderance of the evidence (*Sundquist v. Hardware Mutual Fire Insurance Co.* (1939), 371 Ill. 360, 21 N.E.2d 297), not by clear and convincing evidence, as the above instruction would indicate. Furthermore, it is our view that the "presumption of innocence" of the arson is adequately conveyed to the jury by the instruction that the defendant insurance company has the burden of proving its affirmative defense. We note also that the refused instruction in question is based on cases involving false swearing or material misstatements in a proof of loss (see, *e.g., Weininger v. Metropolitan Fire Insurance Co.* (1935), 359 Ill. 584, 195 N.E. 420; *Jay-Bee Realty Corp. v. Agricultural Insurance Co.* (1943), 320 Ill. App. 310, 50 N.E.2d 973); in fact, it appears that the instruction was adopted verbatim from the language therein, a practice which we note is not recommended (see *Spiezio v. Commonwealth Edison Co.* (1968), 91 Ill. App. 2d 392, 235 N.E.2d 323). In any event, the instruction is totally irrelevant to the defense of arson and, so far as we can ascertain from the limited record before us, was not relevant to any other issue, since it does not appear that defendant asserted fraud as an affirmative defense in its answer.

With regard to plaintiffs' second contention concerning the special interrogatories, we initially note that the general rule is that "[f]or a special interrogatory to be proper, an answer responsive thereto must be inconsistent with some general verdict that might be returned. [Citation.] Its function is to require the jury's determination as to one or more specific issues of ultimate fact and operates as a check upon the deliberations of the jury." (*Gasbarra v. St. James Hospital* (1979), 85 Ill. App. 3d 32, 38, 406 N.E.2d 544, 550.) Therefore, any special interrogatories tendered must be considered in the light of the general verdicts which the jury could have entered.

■ In the instant case, three special interrogatories were tendered by plaintiffs, only the second of which was given:

"Interrogatory No. 1: did either Raymond Schultz or Bernice Schultz either set the fire or cause it to be set?"

"Interrogatory No. 2: Did Raymond Schultz either set the fire or cause it to be set?"

"Interrogatory No. 3: Did Bernice Schultz either set the fire

or cause it to be set?"

Plaintiffs assert that these interrogatories were necessary in order to make an individual determination as to each of the plaintiffs with regard to the affirmative defense of arson, since the wrongdoing of one insured cannot bar an innocent co-insured's recovery of his proportionate share of the insurance proceeds. We have no quarrel with this general proposition (see *Economy Fire & Casualty Co. v. Warren* (1979), 71 Ill. App. 3d 625, 390 N.E.2d 361); however, an individual determination should have been done through general verdict forms allowing the jury to find for or against the plaintiffs individually, not through special interrogatories. In the instant case, the jury was not given the option of considering the individual plaintiff's right of recovery, since only two general verdict forms were submitted to them: "We, the Jury, find for the Plaintiffs and against the Defendant," and "We, the Jury, find for the Defendant and against the Plaintiffs." Plaintiffs did not object to these forms, nor did they submit alternative forms for the trial court's consideration. Thus, the above are the only general verdicts which the jury could have returned, and in light thereof we do not believe that interrogatories regarding the individual plaintiffs could have controlled the general verdict, unless the jury answered negatively as to both plaintiffs; that is, unless the jury responded "no" to interrogatory No. 1, or responded "no" to both interrogatory No. 2 and No. 3, constituting a finding that neither Bernice nor Raymond set the fire or caused it to be set. It is our view that it would have been appropriate to submit to the jury either interrogatory No. 1, or Nos. 2 and 3 together, since a negative answer would have controlled and mandated a finding for plaintiffs. However, we see no harm in the trial court's failure to do so in view of the jury's finding that Raymond did set the fire or cause it to be set. Under those circumstances, the only general verdict form of the two submitted which it could have returned was a finding for defendant, regardless of its opinion on Bernice's involvement in the arson.

For the foregoing reasons, the judgment is affirmed.

Affirmed.

LORENZ and WILSON,* JJ., concur.

---

*This opinion was adopted as the opinion of the court prior to the death of Mr. Justice Wilson.